Sneed, J.,
delivered the opinion of the Court.
The plaintiff in error was indicted in the Misdemeanor Court of Knox county for an assault and battery. He filed a plea of conviction under the small offense law. To this plea the Attorney General demurred, and the ■ court allowed the demurrer. The grounds of the demurrer were that the plea does not aver that the Justice who rendered the judgment heard any of the evidence, or that any evidence was offered; that the said plea does not show what amount of fine was imposed, or that any was imposed, and that said plea does not show that the party assaulted was notified of the time and place of the trial, or that she was present at the same. Upon the court sustaining the demurrer, the plaintiff in error presented another plea of former conviction containing each of said averments, and also a plea of *34 not guilty, and asked leave to file the same, which the court refused, and thereupon the court pronounced judgment as on conviction, from which the cause is brought into this court by appeal.
It is insisted on behalf of the plaintiff in error that the court erred in sustaining the demurrer. We do not think so. The Code provides that any person brought before a Justice of the Peace for a misdemeanor may plead guilty, whereupon the Justice shall hear the evidence and fine the offender according to his offense, not less than two dollars nor more than fifty dollars, together with costs. If the charge is of violence to the person of another, the person on whom the violence has been committed shall be notified of the time and place of trial, so that he may attend and be heard as a witness. If the offense merit a fine exceeding fifty dollars, or fine and imprisonment, or imprisonment alone, then the Justice shall not render judgment, but bind the offender over to court: Code, 4994, 4995, 5001. The act known as the small offense law thus carried into the Code, was passed in the year 1848, and though intended to facilitate and render more speedy and certain the punishment of minor offenses, yet this court has had frequent occasion to criticise its abuses and perversions, permitted, if not connived at, by pliant officers of the law. The object of the statute was not to give impunity to the offender, nor to lesson his merited punishment, but to quicken and ensure the ■same while it diminished the burthens of the courts, and in many cases protected the country from the expenses of protracted litigation. The offender must be *35 arrested in good faith and brought before the Justice. He may or may not plead guilty. If he pleads guilty, the advantage he obtains under the law is not a light and trifling fine; but he is not to be bound over to court unless the Justice thinks the offense merits imprisonment or a larger fine than fifty dollars; but within that limit he is to be fined “according to the aggravation of his offense.” In too many cases the Justice seems to think that because the defendant pleads guilty, even in an aggravated case, he is to be dealt with tenderly and have but a nominal fine imposed upon him. This is a gross abuse of this law, and such abuses for more than twenty years, have been most prolific of disorders.
It has been frequently held that any fraud upon the law will avoid any conviction under it so far as to render the party liable to another trial for the same offense, and we but reiterate the uniform doctrine of this court upon this subject: that no plea of OAitre fois convict under this lav/ will avail as a protection against an indictment for the same offense, unless the plea shows that in every particular the law was complied with — or, if in any respect it was not, unless a good reason is stated why it was not. We hold, therefore, that the demurrer to the plea was well taken, on the grounds stated: Vide 9 Hum., 677; 10 Id., 431; 11 Id., 600; 5 Cold., 9; 1 Swan, 34.
It is farther insisted that the court erred in refusing to allow the plaintiff in error to file his new amended plea of autre fois convict, and his plea of not guilty, after the demurrer to his first plea was sustain *36 ed. In this action of the court we think there was error. The act of 1859-60, c. 102, provides that when any defendant to any prosecution in this State shall enter the plea of former conviction, he shall not be debarred thereby of the right to enter or rely on any other or as many other pleas as would be a good defense to the indictment. In the case of The State v. Eppes, 4 Sneed, 552, determined before the passage of the act of 1859-60, it was held, that where the defendant relied upon the plea of former conviction under the small offense law — and an issue involving the legality of the proceeding before the Justice is found against the defendant — the proper practice is for the court to proceed to judgment as upon conviction. This doctrine stands upon the reason that the plea of former conviction in such ease, is but a confession of guilt upon the record, as the jurisdiction of the Justice is restricted to those cases alone in which the defendant may plead guilty, and the plea of autre fois convict disclosed the fact that the defendant did iii fact plead guilty. This case, however, is different. The demurrer of the State attacks the validity of the plea upon technical grounds; and upon sustaining the demurrer the defendant had a right to file his amended plea or his plea of not guilty, either or both.
In disallowing the motion of defendant there was error; for which judgment is reversed and the case remanded.