HUGHES v. THE PEOPLE.

1. The great weight of authority appears to uphold the view that in case of a single act being made punishable both by the general law of the state and by the ordinances of the town wherein it was committed, it constitutes two distinct and several offenses, subject to punishment by the proper tribunals of the state and the municipality respectively.

2. After a demurrer is sustained to a plea of former conviction in a case of misdemeanor, the plea may be regarded as a plea of guilty and judgment rendered accordingly.

*Error to District Court of El Paso County.*

THE facts are stated in the opinion.

Mr. J. L. WILLIAMS, for plaintiff in error.

Attorney-General T. H. THOMAS, for the people.

STONE, J.  Plaintiff in error was indicted for disturbing the peace, and, upon arraignment, pleaded in bar a former trial and conviction for the same offense, under an ordinance of the town of Colorado Springs, within the limits of which town the act was committed. To this plea the prosecution demurred, and the demurrer was sustained; whereupon the court rendered judgment against the accused the same as upon trial and verdict of guilty.

The principal questions presented for review, and argued by counsel, are: (1) Was the plea of the former

conviction good? And (2) Was it error for the court, upon sustaining the demurrer to the said plea in bar, to give final judgment?

Upon the first question there is a diversity of opinion by the authorities, some holding that, under the general rule that no person may be punished twice for the same offense, a plea of former conviction, such as was interposed by the plaintiff in error here, should be held a bar to the prosecution in which it is pleaded. The cases most in point which we have been able to find in support of the foregoing doctrine are the following, which are cited in the brief of counsel for plaintiff in error: *State v. Thornton*, 37 Mo. 360; *State v. Cowan*, 29 Mo. 330; *State v. Welch*, 36 Conn. 216. Most of the authorities holding this view, while recognizing the rule against double punishments, make a distinction between an act which constitutes but one offense and an act which may be two offenses, for each of which the perpetrator may be punished separately. Some of these authorities rest this distinction on the ground that the one act may constitute two different offenses against two distinct sovereignties or jurisdictional authorities. *Moore v. People*, 14 How. (U. S.) 13; *Ambrose v. State*, 6 Ind. 351; *Greenwood v. State*, 6 Baxt. (Tenn.) 567. Another distinction made in a certain class of cases is that one is a criminal and the other a civil proceeding; that while the proceeding under the town ordinances is to recover a sum as a *penalty*, it is a civil proceeding, and hence not a bar to a prosecution by the state for the same act. *Levy v. State*, 6 Ind. 281. Still another distinction is that the municipal authority vested in a town or city under its ordinances is exercised as a *police* power delegated by the legislature, in contradistinction to the general *judicial* power of the state to punish offenses made such by general law. *Shafer v. Mumma*, 17 Md. 331. While I cannot help regarding these distinctions as refined, and more fictitious than real, and while the reasons given in the

decisions in justification of what, after all, is practically double punishment for the same act, fail to satisfy me of the logical soundness of the doctrine, yet the great weight of authority appears to uphold this view: that in a case like this before us, the single act, being made punishable both by the general law of the state and by the ordinances of the town wherein it was committed, constitutes two distinct and several offenses, subject to punishment by the proper tribunals of the state and the municipality respectively; and we must therefore yield assent to the doctrine which we concede rests upon the greater weight of recognized authority.

Mr. Dillon, in his work on Municipal Corporations, discusses this question fully, and concludes that the great weight of authority is as we have stated it above, although upon the precise question he puts — "Can the *same act* be twice punished, once under the ordinance and once under the statute?"—he says:

"The cases on this subject cannot be reconciled. Some hold that the same act may be a double offense,— one against the state and one against the corporation; others regard the same act as constituting a single offense, and hold that it can be punished but once, and may be thus punished by whichever party first acquires jurisdiction."

One of the principles stated by Mr. Dillon, as extracted from the authorities, is that "when the act is, in its nature, one which constitutes two offenses,— one against the state and one against the municipal government,— the latter may be authorized to punish it, though it be also an offense under the state law; but the legislative intention that this may be done should be manifest and unmistakable, or the power in the corporation should be held not to exist." Among the powers specially conferred by the legislature upon the municipal authorities of towns and cities in this state is the power "to prevent and suppress riots, routs, affrays, noises, disturbances,

disorderly assemblies in any public or private place "
(Gen. Stats. § 3312, subd. 42); and the mode of enforcing
ordinances of such municipal corporations in this state
appears to be, in form, a civil action, rather than a
strictly criminal proceeding.   Gen. Stats. §§ 3315–3317.
So that this case is fairly brought within at least two of
the distinctive classes under the rule hereinbefore men-
tioned, which makes the one act constitute two offenses,
punishable by different jurisdictional authorities, and
·under different modes of procedure.    Vide 1 Dill. Mun.
Corp. (3d ed.) §§ 367, 368, 409, 410, and note 1 to section
368, wherein the authorities on the subject are collected.
In treating of the constitutional question involved, Mr.
Cooley remarks that, although the decisions are not uni-
form, yet the clear weight of authority is " that the same
act may constitute an offense, both against the state and
the municipal corporations, and both may punish it with-
out violation of any constitutional principle." Const.
Lim. 199.

Upon the second question, counsel for plaintiff in error
contends that, after sustaining a demurrer to a plea of
former conviction, the proper order is that the defendant
answer over; that in this case the plaintiff in error should
have been allowed his plea of not guilty, and been put
to trial; and, in support of this view, counsel cites the
case of Fulkner v. State, 3 Heisk. 33; but we find that
the decision in that case was based on a statute which
provided that a defendant entering a plea of former con-
viction should not be thereby debarred the right to enter
or rely on any other, or as many other, pleas as would
be a good defense to the indictment; and it may be pre-
sumed that such statute was intended to change the
practice at common law in such cases.    Counsel also
cites Yundt v. People, 65 Ill. 373, and Hoskins v. People,
84 Ill. 87.    Neither of these cases are in point upon this
question, since they go only to the doctrine that, in in-
dictments for crime, a trial cannot be had without an

issue made by plea. On the other hand, there is ample authority to support the practice pursued by the court below in cases of misdemeanors. This practice is based on the ground that, where the plea is held not good, it is to be regarded the same as a plea of guilty. The defendant, by his plea, admits the commission of the offense as charged, but pleads that he has already been punished for it. This plea, being adjudged untrue upon the facts stated therein, he stands before the court as having pleaded guilty, and judgment is rendered accordingly. This seems to have been the practice at common law and followed in this country, although a different practice obtains in some states; but usually, we think, under statutes where such plea is treated as a plea in abatement, and not in bar. Archb. Crim. Pr. 356, and note *b*, with the authorities cited; *Johnson v. People*, 22 Ill. 314; *State v. Epps*, 4 Sneed (Tenn.), 552; which last is an earlier case than the one in 3 Heiskell, before referred to, and before the practice was changed by the Tennessee statute of 1860, upon which the latter case, decided in 1861, was based. Another point made by counsel for plaintiff in error is that the court erred in sustaining the demurrer to the plea of former conviction, for the reason that the plea averred that the offense, for which there had been a former conviction and punishment, was *the same offense* as the one against which this plea was interposed, and the demurrer, of course, admitted the fact so pleaded; that upon this admission that the offense of which the accused then stood charged, and the one of which he had pleaded the former conviction, were one and the same act and offense, the plea should have been held good and the demurrer overruled; that, if the prosecution had not intended to admit the truth of the facts thus pleaded, he should have replied to the plea instead of demurring thereto; and the case of *Com. v. Bosworth*, 113 Mass. 200, is cited as in point. There the defendant was indicted in the superior court, and pleaded a former

acquittal in the municipal court of the town of Taunton. In delivering the opinion of the court, Chief Justice Gray concludes as follows:

"The plea not necessarily showing that the two offenses were distinct, nor that the municipal court had no jurisdiction, the attorney of the commonwealth, if he intended to deny their identity, should have joined issue on the plea, and submitted that fact to the determination of a jury. By demurring to the plea, he admitted the truth of the allegation therein that the offense now charged against the defendant was the same of which he had already been acquitted. The judgment of the superior court, sustaining the demurrer to the plea of *autrefois acquit*, was therefore erroneous, and must be reversed," — citing 2 Hale, P. C. 243; 1 Stark. Crim. Pl. (2d ed.) 325, 326; *King v. Emden*, 9 East, 437; *Com. v. Curtis*, 11 Pick. 134.

The principal case above cited fails of being in point for the reason that the plea in that case did not show that the former acquittal was a proceeding under any ordinance of the town of Taunton, and not under a general statute. For all that is shown by the plea, and by that case, the former acquittal may have been in a court of concurrent criminal jurisdiction (within the sum of $50) with the court wherein the same was pleaded, and under a like form of procedure. In the case before us, the plea averred that the former conviction was had " before one George H. Stewart, who was then and there a justice of the peace in and for the county of El Paso aforesaid, and police magistrate of the town of Colorado Springs, state and county aforesaid; * * * that said conviction was for a violation of section 4 of article 1, section 2 of article 1, and section 1 of article 3, of an ordinance concerning misdemeanors, being one of the ordinances of the said city of Colorado Springs, then and there in full force and effect; that the said conviction was had in the name of the people of the state of Col-

orado, aforesaid; that the offenses set forth and defined in said sections of said ordinance and the said indictment, and of which the said defendant was] and is convicted as aforesaid, are one and the same in truth and fact, and are identical."

This plea thus showed on its face that the former conviction was had under the ordinances of the town of Colorado Springs, under a jurisdiction and mode of procedure of which the court below was bound to take judicial notice, since the authority of that town, as of all others in the state, is conferred and defined by the general statutes concerning towns and cities to which we we have already referred, and hence upon the ground that the one act constituted two distinct offenses,— the one punishable by the municipal authorities, and the other by the state; and under the different forms of procedure provided, as held upon the first question herein discussed, we must also hold that the court did not err in sustaining the demurrer to the plea. In other words, the plea, while averring that the offense of which he had been convicted, and that of which he then stood charged, were one and the same offense, it set forth facts from which it appeared that they were legally two distinct and different offenses. The judgment of the court below is therefore affirmed. Judgment affirmed.

(HELM, J., having presided as district judge of the court below in the hearing and rendition of judgment in this case, took no part in this decision.)

<i>Affirmed.</i>