# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## BRYAN V. COMMONWEALTH.

### November 20, 1919.

AUTREFOIS ACQUIT AND CONVICT—*Intoxicating Liquors—Conviction in Mayor's Court as Bar to Prosecution in Circuit Court.*— Accused was tried and convicted upon a warrant issued by the mayor of a city, charging him with unlawfully transporting intoxicating liquor along one of the streets in that city. Subsequently accused was indicted in the circuit court of the county for the same offense and pleaded to the indictment former conviction.

*Held:* That Acts 1918, ch. 388, changing the original prohibition statute, Acts 1916, ch. 146, conferred upon the mayor of the city concurrent original jurisdiction with the circuit court of the county to try the case in question, and that the mayor's judgment therein was a bar to the second prosecution in the circuit court by virtue of section 8 of the Bill of Rights, which ordains that no man shall "be put twice in jeopardy for the same offense."

Error to a judgment of the Circuit Court of Rockingham county.

*Reversed.*

The opinion states the case.

*Chas. A. Hammer, R. S. Parks* and *F. I. Dovel,* for the plaintiff in error.

*Jno. R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile,* for the Commonwealth.

WHITTLE, P., delivered the opinion of the court.

This case is as follows: Plaintiff in error, Henry C. Bryan, was tried and convicted upon a warrant issued by the mayor of the city of Harrisonburg, charging that he did on August 6, 1918, unlawfully transport intoxicating liquor along one of the streets in that city, of which of-, fense he was found guilty and adjudged to pay a fine of $50.00 and to be confined in jail for one month. At the October term, 1918, of the Circuit Court of Rockingham county plaintiff in error was indicted for the same offense, and pleaded to the indictment former conviction and not guilty. The court overruled and rejected the first mentioned plea; and the case, by consent, having been submitted to the court was tried without the intervention of a jury, and the Commonwealth having sustained the charge and no evidence being offered by the accused he was found guilty and his punishment fixed at a fine of $50 and confinement in jail for the term of one month. To that judgment this writ of error was granted.

It will be observed from the foregoing statement that the narrow question presented on this record for decision is whether the defendant's plea of former conviction by the mayor of the city of Harrisonburg constituted a bar to the prosecution for the same offense in the circuit court. The answer to that question must be found in the correct construction of pertinent sections of chapter 388, Acts 1918, p. 578, *et seq.*

It may be remarked in the outset that, upon well settled principles, this court has uniformly refused writs of error in cases of conviction by the authorities of cities and towns under ordinances passed in pursuance of the act of 1916 (chapter 146) where the accused sought to set up such judgment in bar of prosecutions by the Commonwealth for violations of the prohibition act. Under that act such ordinances were regarded as mere local regulations for the government of the inhabitants of the munici-

pality, leaving it discretionary with the authorities to provide adequate penalties for their violation. But those ordinances are readily distinguishable from criminal statutes which prescribe laws for the government of the people generally throughout the State, and provide punishment for their violation.

The significance of the essential changes made by the legislature in the original act in corresponding sections of the act of 1918 demand careful consideration and furnish the guide to the correct decision of this case. Among the purposes of the latter act, set out in the title, are the following: "* * * to prescribe the jurisdiction for trial and appeals of cases arising under this act." And again: "* * * to provide for the enforcement of this act and to prescribe penalties for the violation of this act."

A comparison of section 24 of the act of 1916 with the corresponding section in the act of 1918 shows that the italicized language has been added in the last named act:

"Sec. 24. Jurisdiction of cases arising under this act.— The circuit, corporation and hustings courts having jurisdiction for the trial of criminal cases shall have exclusive original jurisdiction *except as herein otherwise provided,* for the trial of all cases arising under this act *and for the trial of all civil cases involving the ownership of ardent spirits and other property seized under its provisions;* except that mayors, police justices and others having jurisdiction for the trial of cases for the violation of the ordinances of the cities and towns shall have jurisdiction to try cases arising under ordinances passed by their respective cities and towns as hereinafter provided, with the right of appeal to the defendant to the court having jurisdiction to try such appeal." And section 27 of the act of 1918 adds to the provision in the same section in the act of 1916, empowering cities and towns to pass ordinances regulating the sale, etc., of ardent spirits and for their violation,

"to provide adequate penalties therefor," *"provided such penalties* shall not be less than those for similar offenses under this act." (Italics supplied.)

The italicized language in section 24, it seems to us, shows a legislative purpose to add to the tribunals theretofore clothed with exclusive original jurisdiction for the trial of this class of criminal offenses. And a painstaking examination of the act fails to disclose any tribunal to satisfy the language of the exception other than those of mayors, police justices, etc., of cities and towns. This view, we think, is also emphasized by the concluding language of section 27 (which appears for the first time in the act of 1918), "provided such penalties shall not be less than those for similar offenses under this act."

It is not reasonable to suppose that the legislature would have empowered cities and towns to pass ordinances adopting the provisions of the prohibition act and to prescribe penalties for their violation (provided such penalties should not be less than those for similar offenses under the act) unless its purpose had been to invest the municipal authorities with concurrent jurisdiction with the State courts in cases arising under such ordinances.

Doubtless the practical administration of the prohibition act for two years had shown the necessity for extending the original criminal jurisdiction for the trial of offenses arising under that act to mayors and police justices within the territorial limits of their respective cities and towns. We have found great diversity of opinion on this subject, largely due, we conceive, to the measure of derivative authority conferred by the legislature in the particular case. So, at last, the question resolves itself into one of statutory construction.

In conformity to the act of 1918, the city of Harrisonburg adopted a prohibition ordinance under which the plaintiff in error was convicted by the mayor for an offense de-

clared by the act to be a misdemeanor, a crime against the Commonwealth, punishable by fine and imprisonment; and of that crime he was found guilty and fined $50, and confined in jail one month. Subsequently plaintiff in error was tried in the Circuit Court of Rockingham county for the identical *offense*, his plea of former conviction was rejected, and he was found guilty and again fined $50, and sentenced to confinement in jail for one month.

The cases of *Thon* v. *Commonwealth*, 31 Gratt. (72 Va.) 887, and *Morganstern* v. *Commonwealth*, 94 Va. 787, 26 S. E. 402, indicate the line of cleavage between cases in which convictions for the violation of city ordinances by municipal authorities will bar, and those in which they will not bar, subsequent prosecutions for the same act in the courts of the Commonwealth. In *Thon's Case*, plaintiff in error was indicted in the Hustings Court of the city of Richmond for a violation of the act of March 6, 1874 (Acts 1874, p. 76), forbidding the sale of an intoxicating drink in any barroom, etc., within the limits of the Commonwealth from 12 o'clock on Saturday night until sunrise of the succeeding Monday morning. The violation of the act is made a misdemeanor punishable by fine of not less than $10 nor more than $500 and, in the discretion of the court, forfeiture of the offender's license. The act contains the proviso, "this law shall not apply to any city having police regulations on this subject and an ordinance inflicting a penalty equal to the penalty inflicted by this statute." The accused had already been convicted under an ordinance of the city of Richmond requiring every hotel keeper, etc., to close his bar every Sunday during the whole day, and prescribing a fine of not less than $10 nor more than $500 for its violation. This conviction was relied on as a defense to the prosecution, on the ground that the case came within the proviso of the statute, and that the hustings court was, therefore, without jurisdiction.

95

*Morganstern's Case,* arose under a subsequent statute
found in Va. Code, 1904, section 3804, which declares that
no barroom, etc., shall be opened and no intoxicating li-
quor, etc., shall be sold during the same period prescribed
in the act of 1874, *supra,* and imposes a similar fine; and,
moreover, declares "that the license of the place where the
sale was so made shall be revoked." Morganstern had like-
wise been convicted for a violation of the ordinance re-
ferred to, and set up that conviction as a bar to the prose-
cution in the Hustings Court of the city of Richmond for
the same act under section 3804. In both cases the parties
were convicted, and upon writs of error this court held
that the offense defined and the punishment provided by
the ordinance for its violation were not substantially the
same as those defined and prescribed by the statutes re-
ferred to, and that a conviction under the former did not
bar a prosecution under the latter. If, however, the ordi-
nance and statutes had defined the same offense and pre-
scribed substantially the same punishment, the city would
have been held to be exempt from the operation of the
statute in *Thon's Case,* and that a conviction under it was
a bar to the prosecution in *Morganstern's Case.* See note
to section 3804, *supra.*

We are of opinion that the effect of the changes in the
original prohibition statute by the act of 1918 conferred
upon the mayor of the city of Harrisonburg concurrent
original jurisdiction with the Circuit Court of Rockingham
county to try the case in question, and that his judgment
therein was a bar to the second prosecution in the circuit
court by virtue of section 8 of the bill of rights, which or-
dains that no man shall "be put twice in jeopardy for the
same offense."

For these reasons the judgment complained of must be
reversed.

*Reversed.*

SIMS, J., dissenting.

It seems to be too well settled to admit of serious controversy that the legislature may confer upon municipalities the legislative power to adopt ordinances which will create offenses against the municipalities consisting of the same acts which under legislative enactment also constitute offenses against the State. In such case—"The offense against the municipality is a different one from that against the State, though both offenses proceed from the same act." *Howe* v. *Treasurer of Plainfield*, 37 N. J. L. 145. To same effect see *Van Buren* v. *Wells*, 53 Ark. 368, 14 S. W. 38, 22 Am. St. Rep. 214; *Hughes* v. *People*, 8 Colo. 536, 9 Pac. 50; *Greenwood* v. *State*, 65 Tenn. (5 Baxt.) 567, 32 Am. Rep. 539; *State, etc.* v. *Taxing District of Shelby County*, 16 Lea (Tenn.) 240; *State* v. *Fourcade*, 45 La. Ann. 717, 13 So. 187, 40 Am. St. Rep. 249; *State* v. *Clifford*, 45 La. Ann. 980, 13 So. 281; *State* v. *Lee*, 29 Minn. 445, 13 N. W. 913; *Mayor, etc.* v. *Allaire*, 14 Ala. 400; *State* v. *Bergman*, 6 Or. 341; *Arrington* v. *Commonwealth*, 87 Va. 96, 99, 12 S. E. 224, 10 L. R. A. 242; 8 R. C. L., sec. 137, p. 150; 16 C. J. sec. 480, pp. 281-2.

Whether the legislature by the prohibition act of 1918 (Acts 1918, p. 578) has conferred the power above mentioned is the ultimate question involved in the case in judgment; there being no question as to the ordinance having been adopted in pursuance of the legislative power.

It is a *concessum* in the argument that under the original prohibition act of 1916 the power in question was conferred and that the offenses created by municipal ordinances adopted under the authority of such act were different offenses from those constituting State offenses under the same act, although consisting of the same acts; and that the municipal ordinances adopted under that act were not intended by the legislature to be enactments in lieu of the

State law on the subject. And such has been the view taken by this court as evidenced by its uniform refusal of writs of error applied for in cases of conviction which arose under the 1916 prohibition act. Now the only change which the amended act of 1918 has made in the original 1916 act, touching the aforesaid power conferred upon municipalities, is that there is added to section 27 of the act the provision that penalties prescribed by the municipal ordinances "shall *not be less* than those for *similar* offenses. under this act." (Italics supplied.) The two statutes are in other respects the same so far as the power under con-sideration is concerned, both in the titles and in the bodies. of the respective statutes, as will appear from the material portions thereof quoted below in parallel columns, with the new phraseology in the 1918 act italicized.

| *Act of 1916* | *Act of 1918* |
|---|---|
| Among the purposes of the act set out in the title are the following: "* * to prescribe the jurisdiction for trial and appeals of cases arising under this act." And again: "* * authorizing additional restrictions and limitations beyond the provision of this act as to sale, manufacture or delivery of ardent spirits in certain counties and cities: to provide for the enforcement of this act and to prescribe penalties for the violation of this act." | Among the purposes of the act set out in the title are the following: "* * to prescribe the jurisdiction for trial and appeals of cases. arising under this act." And again: "* * authorizing additional restrictions and limita-tions beyond the provisions of this act as to sale, manufacture or delivery of ardent. spirits in certain counties and cities; to provide for the enforcement of this act and to prescribe penalties for the violation of this act." |

There is the following, among other new phraseology

contained in the title of this act, viz:

"* * *declaring ardent spirits contraband, and prescribing the procedure for search therefor and f o r f e i t u r e thereof."

In the body of the act.

Sec. 22. (Contains provisions for the issuance of search warrants by justices of the peace, police justices, circuit or corporation judges and mayors of cities and towns upon complaint and information under oath that "any person is manufacturing, selling, offering, exposing, keeping or storing for sale, barter gift or use ardent spirits contrary to law," and for the arrest and the bringing to trial of certain persons in case certain ardent spirits are found under certain circumstances and for the seizure and holding of such ardent spirits, etc; but does not declare the ardent spirits, etc., to be contraband or forfeited, nor provide any procedure in rem to enforce the forfeiture thereof, so as to afford that due process of law in respect thereto which is essential

In the body of the act.

Sec. 22. (Contains some provisions similar to those of the same section of the 1916 act as to the issuance of search warrants, but changes the nature of the proceeding from that of one in personam to one in rem, and adds new phraseology not contained in the 1916 act, declaring the ardent spirits, etc., to be contraband and forfeited to the Commonwealth and also provides a procedure in rem to enforce the forfeiture.

under the constitutional pro-
vision on the subject.

"Sec. 24. The circuit, corpo-
ration and hustings courts
having jurisdiction for the
trial of criminal cases shall
have exclusive original juris-
diction for the trial of all
cases arising under this act;
except that mayors, police
justices and others having
jurisdiction for the trial of
cases for the violation of the
ordinances of cities and towns
shall have jurisdiction to try
cases arising under ordi-
nances passed by their re-
spective cities and towns as
hereinafter provided, with
right of appeal to the defend-
ant to the court having juris-
diction to try such appeal."²

"Sec. 24. *Jurisdiction of Cases
arising under this act.*—The
circuit, corporation and hust-
ings courts having jurisdic-
tion for the trial of criminal
cases shall have exclusive orig-
inal jurisdiction *except as
herein otherwise provided,* for
the trial of all cases arising
under this act *and for the trial
of all cases involving the own-
ership of ardent spirits and
other property seized under
its provisions;* except that
mayors, police justices and
others having jurisdiction for
the trial of cases for the vio-
lation of the ordinances of
the cities and towns shall
have jurisdiction to try cases
arising under ordinances
passed by their respective
cities and towns as herein-
after provided, with the right
of appeal to the defendant to
the court having jurisdiction
to try such appeal."

It seems plain to me that the new phraseology of the
1918 act contained in its title and in section 24, above
quoted, was merely consequential upon the new matter con-
tained in section 22 of such act, which was not contained

in the act of 1916, and that it has no other significance whatsoever and does not affect in any way the ultimate question aforesaid which is involved in the case in judgment..

Further: Both the act of 1916 and 1918 must be taken, of course, as enacted by the legislature with full knowledge of the well settled rule above adverted to on the subject of offenses against municipalities being different from those against the State although consisting of the same acts.

Therefore, I cannot assent to the conclusion that the legislature meant by the mere addition of section 27 of the provision aforesaid contained in the act of 1918, to enact that the ordinances passed by the municipalities should be in lieu of the State law and thus change the well settled rule aforesaid and the law and the whole policy of the State on the subject. Especially do I feel this in view of the fact that such statute designates the State offenses as "similar" and not as the *same* as those under the municipal ordinances; and in view also of the fact that the provision does not require that the punishment for the municipal offenses shall be the same as for the State offenses, but only that it shall not be less. The use of the word "similar" seems clearly to express the legislative mind as distinguishing between the municipal and State offenses, although consisting of the same acts, and as recognizing that, under the rule aforesaid, they are not to be regarded as the *same* offenses. And with respect to the provision that the penalties under the municipal ordinances shall not be less than under the act for State offenses: That still leaves the municipalities free to provide by the ordinances any maximum penalties they may choose. In practical operation, therefore, there would inevitably exist a lack of uniformity of punishment throughout the State for the same offenses, if the offenses against the municipalities were regarded as the same as against the State and the one class of offenses

was held to be prescribed by law in lieu of the other. Thus the result would not be attained of subjecting the offender to the same punishment in whatever locality the offense may be committed—which is the chief argument in favor of the proposition that the legislature by the 1918 act meant to enact that the offenses against the municipalities should be considered as the same as and in lieu of those against the State.

Moreover, as appears from the provisions in the title of the act of 1916 (which are the same in the act of 1918, and which are above quoted), on the subject of "authorizing additional restrictions and provisions beyond the provision of * * * (the) act as to sale, manufacture or delivery of ardent spirits in certain counties and cities," and as appears from the same provisions in section 24 of the act of 1918 as are contained in section 24 of the act of 1916 aforesaid, and also from section 72 of the act of 1918 on the subject of leaving unaffected the provisions of any special act for any county or town in so far as the same may restrict, prohibit or limit the sale, etc., of ardent spirits "beyond the provisions of this act," it is the expressly declared policy of the State not to consider acts which are in violation of local prohibition, and are thus an offense against the locality, as the same as the offense against the State which consists of the same acts, or that punishment for the former shall be considered as in lieu of punishment for the latter offense, even though such punishment be greater for the local than for the State offense. That is to say, the fact that the punishment for the local offense may be greater than that for the State offense is not under the Virginia prohibition statute an argument in favor of the contention that the legislature did not intend that such separate offenses should exist, because the statute expressly declared that it is the policy of the statute to allow such separate offenses and hence such cumulative punishment

therefor and also such discrepancy in such punishment to exist.

It is, of course, well understood that under the settled rule on the subject, municipalities could not by ordinances create such separate offenses in addition to the State offenses consisting of the same acts, unless such authority was expressly conferred on the municipalities by the State by constitutional or statutory provisions. Hence the necessity for the provisions in the prohibition acts of 1916 and 1918 conferring the power aforesaid on the municipalities of the State. Since such power could have been withheld altogether the grant of it could be made upon such condition as the legislature might impose. The 1918 act imposed the condition aforesaid that the penalties prescribed by the municipal ordinances should not be less than those for similar offenses imposed by the State law. And this solicitude that the penalties even for such separate offenses against the localities, although, if both the State and local law were enforced, they would result in cumulative punishment for the same acts, is but in accord with the policy of the statute which is apparent from the whole of it and is especially indicated in those portions of it mentioned in the paragraph of this opinion next above. That is to say, such policy is manifestly concerned in having the cumulative punishment which may be inflicted for the local offenses being made severe, notwithstanding that it is a cumulative punishment, and the condition aforesaid added to the 1918 act merely takes care that such punishment shall certainly be as severe as that provided by the State law for the same acts if the municipalities exercise the power conferred on them as aforesaid and the State law is also enforced; and still leaves it within the discretion of the municipalities to make the punishment more than double if both State and local law is enforced.

Where a statute in question does not expressly confer

the authority on municipalities which we have been considering, and such authority is to be found by comparing the statute which creates the State offenses with the statute which authorizes municipalities to create the municipal offenses, then the distinctions adverted to in the *Thon Case,* 31 Gratt. (72 Va.) 887, and in the *Morganstern Case,* 94 Va. 787, 26 S. E. 402, cited in the majority opinion, are important and helpful as rules of construction upon consideration of the question of whether the legislation of the State on the subject discloses a purpose to allow the cumulative separate offenses to be created by the municipalities out of the same acts which constitute State offenses.    But where, as in the case before us, the State statute expressly authorizes the municipalities to create such cumulative offenses, we have no need to resort to the rules of construction aforesaid and what is said in those cases would seem to have no material application.

I am constrained therefore to the opinion that under the act of 1918, as under that of 1916, as aforesaid, the offenses against the municipalities are different from those against the State which consist of the same acts; and that the punishment or acquittal of an offense of the one class cannot be placed in bar of a prosecution of an offense of the other class; and that, hence, the case in judgment should be affirmed.