# CHARLESTON.

STATE *v.* LEWIS PELESKI.

(C. C. 324.)

Submitted February 10, 1925. Decided February 17, 1925.

CRIMINAL LAW—*One Appealing to Circuit Court From Conviction Before Justice of Peace Cannot Plead Trial, Conviction and Pendency of Appeal in Abatement of Prosecution Under Subsequent Indictment for Same Offense.*

> Where one charged with an offense of which a justice of the peace, by section 32 of chapter 32-A of the Code, has concurrent jurisdiction with the circuit court, appeals to the circuit court from a judgment of the justice rendered against him, he cannot plead such trial and conviction and the pendency of his appeal in the circuit court, in abatement of a prosecution on an indictment subsequently returned by the grand jury against him for the same offense.

> (Criminal Law, 16 C. J. § 419 [1926 Anno].)

> (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Certified Questions from Circuit Court, Monongalia County.

Lewis Peleski was prosecuted for possession of moonshine liquor. On motion of the State, his plea in abatement of conviction before a justice of the peace and appeal pending in Circuit Court for the same offense was stricken out, and questions arising thereon were certified.

*Ruling affirmed.*

*E. T. England,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

*Chas. T. Herd,* for defendant.

MILLER, JUDGE:

Defendant was arrested and tried before a justice of the peace, upon a warrant charging him with having in his possession a certain quantity of moonshine liquor. The justice found him guilty as charged, and sentenced him to pay a fine of $125.00, and to be confined in the county jail for a period of thirty days. Defendant appealed to the Circuit

Court. Subsequent to the time the appeal was taken, the grand jury returned an indictment against him, charging him with the same offense for which he was tried before the justice. To this indictment defendant filed a plea in abatement, setting up the former trial, conviction and sentence, and the appeal pending in the Circuit Court, and alleging that the offense charged in the indictment was the same offense for which he was tried in the justice's court. On motion of the prosecuting attorney, the court struck out this plea; and the questions arising thereon have been certified to this court.

Section 32 of chapter 32-A of the Code gives justices of the peace concurrent jurisdiction with the other courts of the county having criminal jurisdiction, for the trial of first offenses arising under said chapter; and further provides that, "in any prosecution before a justice of the peace, the prosecuting attorney, or the state commissioner of prohibition or any of his deputies, shall have the right, before trial, to elect whether the case shall be tried and judgment entered, or whether the justice shall hold a preliminary hearing to determine whether the accused shall be held to the grand jury."

Defendant contends that the State has once elected the forum in which it would try the case, and that the court first acquiring jurisdiction should be permitted to proceed to a final determination thereof; that the judge of the circuit court, on the trial of an appeal, is sitting as a justice's court, but when trying a case upon an indictment returned by the grand jury, he sits as a circuit court.

But what is the effect of a trial *de novo,* on appeal from the justice's court? The procedure in the circuit court is precisely the same as if the case had originated in that court. Section 230, chapter 50, Code. The trial begins with the appearance of the accused, and ends with the judgment of the court, in either case, whether the defendant has pleaded to the indictment of a grand jury or to the warrant in the justice's court. By the appeal the judgment of the justice is vacated and annulled. *Elkins* v. *Michael,* 65 W. Va. 503, and cases there cited. In this case each court has the same

jurisdiction to try the offense charged. The circuit court, on a trial upon the indictment, can impose no greater penalty than can the justice. The accused can not be prejudiced by a new trial upon the indictment instead of a trial upon the appeal. And, whether the trial in the circuit court upon the indictment results in a conviction or an acquittal, the defendant can not again be tried for the same offense. It might be better practice to dismiss the appeal case, or strike it from the docket, before proceeding to try on the indictment, but the accused can not, as we have said above, be prejudiced by a trial upon the indictment while the appeal is pending.

It may be true that the State elected to try this case in the justice's court. But, defendant was not satisfied with the judgment of the justice, and, on his own motion, obtained the appeal. He is not in the circuit court at the election of the State, but of his own motion; and now he claims the right to elect whether he shall be tried upon an indictment or on the warrant issued by the justice. The election provided by the statute is not so much as to the forum the State desires to try the case as it is to the form of procedure. A justice has no jurisdiction to try criminal cases except such as is conferred upon him by statute. By section 32 of chapter 32-A, a justice of the peace is given jurisdiction of the offense charged here, but he can only try for such offense at the election of the officer or officers mentioned in the statute. Without the jurisdiction conferred by the statute, to try for the offense charged, the justice could do nothing but hold the accused to the grand jury. We can not see that this statute, by giving justices concurrent jurisdiction to try for certain offenses at the election of the officers named, confers on the accused any rights whatever of which he would be deprived by trial in the circuit court upon an indictment.

The action of the circuit court in striking out defendant's plea will be affirmed.

*Ruling affirmed.*