STATE OF WEST VIRGINIA

*v.*

RONALD EUGENE CAIN

(No. 14919)

Decided March 26, 1982.

*Esposito & Esposito and Thomas E. Esposito* for appellant.

*Chauncey H. Browning*, Attorney General, *and S. Clark Woodroe*, Assistant Attorney General, for appellee.

PER CURIAM:

The appellant in this proceeding, Ronald Eugene Cain, was sentenced by the Circuit Court of Logan County to from one to ten years in the state penitentiary for breaking and entering. On appeal he principally asserts that the court erred in allowing into evidence items seized as a result of a warrantless search of his automobile. He also claims that the court made improper evidentiary and instructional rulings and that he was subjected to double jeopardy when he was tried on two nolled counts of the indictment charging him. After examining the record, we conclude that the trial court erred in failing to suppress the evidence seized from the automobile, and we reverse the conviction for that reason.

The search and seizure problem in this case arose out of the events leading to the appellant's arrest. In the early morning hours of July 22, 1978, two sheriff's deputies, who were routinely checking a gas station, discovered a broken window. As they were preparing to investigate, a yellow Ford, with its lights off, pulled out of the station at a high rate of speed. The deputies gave chase, and

eventually stopped the car in a dead-end alley. The appellant was the driver. During the appellant's trial one of the deputies testified that after the stop he saw drug apparatus in plain view in the car and that he proceeded to arrest the appellant.

After the stop, three boys from an adjoining house assembled and demanded that the appellant be released. The deputies summoned additional policemen and had the car towed to a tow yard which was nearby. At the yard the deputies, without securing a warrant, searched the trunk of the car. Their search revealed a CB radio, a timing light, and a case of motor oil. The items subsequently were identified as items stolen from the gas station on the night of the incident.

Prior to his trial the appellant moved to suppress as evidence the items seized from the trunk of his car. The trial court, after conducting a hearing, denied the motion and later admitted the items into evidence. On appeal the appellant's principal assertion is that the trial judge erred in refusing to suppress the evidence.

In syllabus points 1 and 4 of *State v. Moore,* 165 W.Va. 837, 272 S.E.2d 804 (1980), we said:

> "1. Searches conducted outside the judicial process, without prior approval by judge of magistrate, are *per se* unreasonable under the Fourth Amendment and Article III, Section 6, of the West Virginia Constitution—subject only to a few specifically established and well-delineated exceptions. The exceptions are jealously and carefully drawn, and there must be a showing by those who seek exemption that the exigencies of the situation made that course imperative."

> "4. An automobile may be stopped for some legitimate state interest. Once the vehicle is lawfully stopped for a legitimate state interest, probable cause may arise to believe the vehicle is carrying weapons, contraband or evidence of the commission of a crime, and, at this point, if

exigent circumstances are present, a warrantless search may be made."

In the case before us the State argues that exigent circumstances existed requiring the immediate search of the car, the circumstances being the fact that a "crowd" had assembled and that it raised the possibility that evidence might be removed from the car before a warrant could be obtained. We reject the State's argument for the reason that before the trunk was opened, the car had been towed to a secure area and, therefore, no exigent circumstances existed.

In this case we are not concerned with a warrantless search of the interior of an automobile as we were in *Moore*. Here the search involved the locked trunk where there was a higher expectation of privacy. *See, Arkansas v. Sanders*, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979); *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977); *State v. Tomey*, 163 W.Va. 578, 259 S.E.2d 16 (1979). Even in the recent opinion of the Supreme Court of the United States in *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), where the court recognized the right of a broader search of the interior of a car incident to and contemporaneous with a valid arrest, it was stated in note 4:

> "Our holding encompasses only the interior of the passenger compartment of an automobile and does not encompass the trunk." 453 U.S. at 461 fn. 4, 101 S.Ct. at 2864 fn. 4, 69 L.Ed.2d at 775.

*See also, Robbins v. California*, 453 U.S. 420, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981).

We therefore, conclude that the search was illegal and that the trial court committed reversible error in not suppressing the evidence.

Another assignment of error made by the appellant is that the trial judge subjected him to double jeopardy in trying him on two nolled counts of the indictment.

The indictment against the appellant contained three counts: one charging breaking and entering, one charging entering without breaking, and one charging grand larceny. Trial in the case was scheduled for August 13, 1973. On that day, prior to the swearing of the jury, the prosecutor nolled the entering without breaking and the grand larceny counts. The trial conducted on that day ended in a mistrial. When the second trial was conducted, from which the present appeal is being taken, the court presented all three counts to the jury. However, the jury found the appellant guilty on the breaking and entering count, which was the one that was not nolled. Since the case is reversed on the failure to suppress the illegally obtained evidence, we will discuss briefly the appellant's double jeopardy claim in the event of retrial. In syllabus point 1 of *Adkins v. Leverette*, 164 W.Va. 377, 264 S.E.2d 154 (1980), we said:

> " 'One is in jeopardy when he has been placed on trial on a valid indictment, before a court of competent jurisdiction, has been arraigned, has pleaded and a jury has been impaneled and sworn.' *Brooks v. Boles*, 151 W.Va. 576, 153 S.E.2d 526 (1967)."

*See, State v. Clawson*, 165 W.Va. 588, 270 S.E.2d 659 (1980). This states the general rule in West Virginia regarding the attachment of jeopardy.

The record in the case before us indicates that the two counts nolled were dismissed before the jury in appellant's first trial had been sworn. Our conclusion is that the appellant was never placed on trial or in jeopardy on those counts and that his double jeopardy assertion is without merit.

It is generally recognized that a nolle prosequi, if entered before jeopardy attached, does not act as an acquittal and does not bar further prosecution for the offense. *See, Bucolo v. Adkins*, 424 U.S. 641, 96 S.Ct. 1086, 47 L.Ed.2d 301 (1976); *Bernard v. State*, Fla., 261 So.2d 133 (1972); *Commonwealth v. Rollins*, 354 Mass. 630, 241 N.E.2d 809 (1968); *People v. Reagan*, 395 Mich. 306, 235

N.W.2d 581 (1975); *State v. Rhodes*, 77 N.M. 536, 425 P.2d 47 (1967). We have in *State v. Cunningham*, 160 W.Va. , 582, 236 S.E.2d 459 (1977), and *State v. Burke*, 130 W.Va. 64, 42 S.E.2d 544 (1947), recognized much this same principle stating in syllabus point 1 of *State v. Cunningham, Id.*:

> "When a defendant has been convicted and a new trial has been granted him, the prosecution may, with the consent of the trial court, enter a *nolle prosequi* without prejudice to a new indictment or information. *State v. Burke*, 130 W.Va. 64, 72, 42 S.E.2d 544 (1947)."

We have also recognized that a *nolle prosequi* is the equivalent of a dismissal. *State ex rel. Skinner v. Dostert*, ____ W.Va. ____, 278 S.E.2d 624 (1981).

Even though we believe that a nolle prosequi, if entered before jeopardy attaches, does not bar further prosecution on the nolled count under the jeopardy rules, there still exists the procedural problem of whether one can be tried subsequently on the dismissed count of an indictment. We are aware of no West Virginia case on this point. At common law a nolle prosequi could at any time be retracted. It was generally held, however, that proceedings on the nolled counts in the original indictment could be revived only if the *nolle prosequi* had not become a matter of record. Once the nolle had become a matter of record reindictment was necessary. *See, People v. Curtis*, 389 Mich. 698, 209 N.W.2d 243 (1973); *Belcher v. Superior Court In And For Maricopa County*, 105 Ariz. 461, 466 P.2d 755 (1970); *Commonwealth v. McLaughlin*, 293 Pa. 218, 142 A. 213 (1928); *Commonwealth v. Noah Wheeler*, 2 Mass. 172 (1806). Under this rule the State, if it should seek to try the appellant again, on the nolled counts of the indictment, should reindict him on those counts since the *nolle prosequi* appears of record.

In addition to alleging that the trial court erred in admitting the evidence seized as a result of a warrantless search and that the court erred in trying him on the nolled counts of the indictment, the appellant also makes a number of assignments of error relating to the trial

court's rulings on evidence and instructions. We have examined those points and concluded that they are without merit.

Because the court erred in admitting the evidence seized as a result of the improper warrantless search of the appellant's automobile, the appellant's conviction is reversed and he is awarded a new trial.

*Reversed and remanded.*