# CHARLESTON.

## STATE v. ROGER SKINNER

### (No. 5650)

Submitted May 4, 1926.     Decided May 18, 1926.

1. CRIMINAL LAW—*In Prosecution for Murder, Where Accused's Counsel Learned for First Time Two Days Before Trial That There Would be Conflict in Evidence As to Point of Entrance and Range of Bullet which Killed Deceased, Denial of Continuance for Two Days to Allow Deceased to be Exhumed and Re-examined Was Error.*

The accused was indicted for murder on the 16th of July, and his case then set for trial on the 29th of July. On the 27th of July his counsel learned for the first time that there would be a conflict in the evidence as to the point of entrance and the range of the bullet which killed the deceased, and moved the court to postpone the trial for a few days in order that the deceased might be exhumed and re-examined. An affidavit was filed in support of this motion. The point of entrance and the range of the bullet were material, both to the State and the accused. There is nothing to show that the State would have been prejudiced by such a postponement. Held: the denial of the motion was error.   (p. 634.)

(Criminal Law, 16 C. J. § 815.)

2. SAME—*Attention of trial court should be specifically directed to assignments of error on admission or rejection of evidence.*

The attention of the trial court should be specifically directed to assignments of error on the admission or rejection of evidence. Pt. 4, Syl., State v. Noble, 96 W. Va. 432, applied.   (p. 635.)

(Criminal Law. 16 C. J. § 2198.)

3. SAME—*In Prosecution for Murder, Answers by Trial Court to Questions of Jury Relative to Punishment Attending Certain Verdicts, in Presence of Accused and His Counsel, Held Not Contrary to Statute Because Not in Writing (Code, c. 131, § 22).*

Answer by the trial court to questions of the jury relative to the punishment attending certain verdicts, are not in violation of Sec. 22, Ch. 131, Code, because such answers are not in writing.   (p. 635.)

(Criminal Law, 16 C. J. § 2468 [Anno].)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

101 W. Va.

Error to Circuit Court, McDowell County.

Roger Skinner was convicted of murder in the second degree, and he brings error.

*Judgment reversed; verdict set aside; new trial awarded.*

*Froe, Capehart & Miller,* and *Karl E. Phillips,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

HATCHER, JUDGE:

On July 9, 1925, Roger Skinner shot and killed Lewis Russell in a restaurant in Keystone, McDowell County, W. Va. Roger was indicted on July 16, in the Criminal Court of said county, on which day the case was set for trial on July 29, 1925. Trial was had on that day and Roger was found guilty of murder in the second degree. He was sentenced to fifteen years in the penitentiary.

The circumstances surrounding the tragedy are as follows: After eating his breakfast in the dining room of the restaurant, where Lewis was employed as a cook, Roger asked Lewis how much he owed for his order. Lewis replied that the amount was thirty-five cents. Roger further asked what the charge was for. Lewis said that it was for two eggs and a glass of milk. Lewis then went from the dining room into the kitchen, where he was followed by Roger who remarked "It couldn't be that". Lewis maintained "That is exactly what it is". A shot immediately followed. The colloquy had attracted so little attention that no one was observing the two when the shot was fired. Immediately after the shot, Russell fell backward, his head striking a door before his body hit the floor. Roger had a pistol in his hand, and exclaimed "Lord have mercy, I have killed Russell", or words of similar import. Roger called for someone to bring a doctor and an officer. Lewis died shortly after the shooting. His body was taken to Virginia for interment.

Roger and Russell were friends of many years standing. They were in the habit of playing together, and had never

been known to exchange a cross word. Roger's explanation of the shooting is that he had pulled out his pistol in order to get a coin from the same pocket to pay for his breakfast; that Russell struck the pistol causing it to accidentally discharge; and that they were ''just playing''.

A bullet was found on the floor of the kitchen after the shooting, and a dent was observed in the ceiling, presumably made by the bullet, almost above where the two men had been standing.

The only dispute in the evidence is as to the course of the bullet. Two physicians, who examined the body of the deceased soon after the shooting, testified in behalf of the State that in their opinion the bullet entered the rear of Russell's head and came out at his forehead. Two undertakers, who prepared the body for burial, testifying for defendant, said that the wound on the back of the head was a cut and not a bullet wound, but that in addition to the wound in the forehead there was a small hole in the top of the head. The physicians say that they saw no wound in the top of the head.

On July 27, 1925, H. J. Capeheart, an attorney for the accused, filed an affidavit with the trial court, in which he stated he had on that day first learned there would be a variance in the evidence as to the points of entrance and exit, and the range of the bullet which killed Lewis, giving names of the witnesses, etc. Capeheart then moved a postponement of the trial (set for the 29th) a few days, in order to give the accused time to have Lewis' body exhumed and re-examined as to the course of the bullet. The motion was overruled, and trial was had on July 29th.

In this case the point of entrance and the range of the bullet are material facts—material to the State as well as to the accused. If the bullet entered the rear of Lewis' head, the State's case is much stronger than if it entered the forehead and ranged upward. In fact, the only evidence that discredits Roger's explanation of the shooting is the testimony of the two physicians. The deliberations of the jury were unquestionably largely influenced by their testimony. The affidavit of Attorney Capeheart notified the court fully as to the

expected conflict of testimony. His motion, if granted, would likely have obviated the conflict. It was clearly made in good faith. It did not seek a continuance, but only a few days' postponement of the trial. The physicians and the witnesses for the State who were in the restaurant at the time of the shooting, were residents of McDowell County. There is nothing to show that the State would have been prejudiced by such a postponement.

Under these circumstances we hold the refusal of the trial court to grant the motion of Attorney Capeheart for a postponement of the trial to be erroneous. *State* v. *Jones,* 84 W. Va. 85; 16 C. J. 448 (par. 815), 452 (par. 822); *State* v. *Golden,* 90 W. Va. 496.

Certain errors are alleged as to the admission of evidence. These errors are not the subject of special bills of exception and do not appear to have been made the ground of the motion for a new trial. They will be treated here as waived. *State* v. *Noble,* 96 W. Va. 432, Pt. 4 Syl.

As this case will likely be tried again, we deem it advisable to admonish the State against infringement on the well established rules forbidding (1) evidence as to the character of the accused when his character has not been put in issue, (2) contradiction of a witness on a statement entirely collateral to the issue, drawn out on cross examination, and (3) the giving of an instruction which contains merely an abstract statement of law.

In answer to questions of the jury, the court orally defined the punishment following the several verdicts of guilty under the indictment. The accused and his counsel were present and the questions and answers were taken down by the court reporter. The correctness of the court's answers is not attacked but error is alleged because such answers were not reduced to writing. These answers had no bearing whatsoever on the evidence or the law applicable to the evidence. We therefore hold that such answers were not in violation of Sec. 22, Ch. 131, Code.

For the reasons given above the judgment of the lower court will be reversed, the verdict of the jury set aside, and a new trial awarded.

*Judgment reversed; verdict set aside; new trial awarded.*