# CHARLESTON.

## STATE v. CLEM KIGER

### (No. 5157)

Submitted January 18, 1927.   Decided January 25, 1927.

1. CRIMINAL LAW—*Mayor of Municipality Has Jurisdiction of Assault and Battery Cases (Code, c. 47, § 39; c. 50, §§ 219, 221).*

   Under section 39 of chapter 47 of the Code, the mayor of a city, town or village has jurisdiction in cases of assault and battery.   (p. 57).

   (Criminal Law, 16 C. J. § 181.)

2. SAME—*Parol Evidence is Admissible to Explain Mayor's Trial Docket and to Supply Omissions Therein.*

   Parol evidence is admissible to explain a mayor's trial docket, and to supply omissions therein.   (p. 59).

   (Criminal Law, 16 C. J. § 1204 [Anno].)

3. *One May Plead Conviction for Assault and Battery Before Mayor in Bar to Subsequent Prosecution in Circuit Court on Indictment for Same Offense (Code, c. 47, § 39).*

   One who has been convicted of assault and battery before the mayor of a city, town or village acting under authority

conferred by section 39 of chapter 47 of the Code, may plead the former conviction in bar to a subsequent prosecution in the circuit court upon an indictment for the same offense. (p. 59).

(Criminal Law, 16 C. J. § 443.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Wetzel County.

Clem Kiger was convicted of assault, and he brings error.

*Judgment reversed; verdict set aside; new trial awarded.*

M. H. *Willis,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

MILLER, JUDGE:

The defendant was tried in the circuit court upon an indictment charging him with unlawfully assaulting one George Snyder, found guilty by a jury, and assessed a fine of fifty dollars and sentenced to ten days imprisonment in the county jail.

By his two special pleas the defendant alleged that the offense for which he was indicted was the same for which he had been tried and convicted before the mayor of the town of Smithfield, namely an assault and battery upon George Snyder and Austin Clark, within the limits of the said town of Smithfield, and that he was fined five dollars and the costs of the proceeding by said mayor.

To these pleas the State, by its prosecuting attorney, tendered its two special replications; the first alleging that the complaint in the former case, as set out in the defendant's plea No. 2, was bad, and that legal conviction could not be had upon the same; the second special replication alleging that the defendant had colluded with and procured the special officer making the arrest to arrest him and lodge complaint against him before the mayor. The first special replication is answered by the transcript of the mayor's docket, exhibited with the special pleas, and later tendered in evidence on the trial in the circuit court. There is no evidence to support the State's second special replication.

The trial court permitted these pleas and special replications to be filed, and issue was joined thereon and on defendant's plea of not guilty.

On the trial the court refused to permit the introduction, of evidence of the former conviction. Defendant tendered the following transcript from the mayor's docket:

"Town of Smithfield, County of Wetzel, and State
    of W. Va.
  vs.    )    Misdemeanor.
Clem Kiger.

This 30th day of September 1923, one Clem Kiger did commit an assault and battery on the person of Austin Clark and George Snyder in the presence and sight of me E. E. McIntire, Mayor of said Town, and I thereupon ordered the arrest of said Clem Kiger, and I thereupon appointed Howard Brummage to make said arrest.

Thereupon said Howard Brummage arrested said Clem Kiger and brought him before me at my said office in said town for trial and I thereupon arraigned said Clem Kiger upon said charge, and for plea thereto said Clem Kiger says that he is guilty of assault and battery upon said Austin Clark and George Snyder.

It is my judgment that said Clem Kiger do pay a fine of $5.00 and costs of this prosecution.

(Signed)    E. E. McIntire, Mayor."

It is contended by counsel for the State, that a municipal corporation chartered under the general laws of this State has no inherent power through its police officers to arrest and fine for assault and battery, and that, therefore a conviction for such offense before the mayor is invalid for want of jurisdiction, and is not a bar to a prosecution for the same act or offense in the circuit court.

By section 39 of chapter 47 of the Code, the mayor of a city, town or village is made ex officio a justice and conservator of the peace within such municipality, and within the same is vested with all the powers and duties vested by law in a justice of the peace, in criminal causes; and by section 221 of chapter 50 of the Code, a justice of the peace may without a warrant make or order an arrest for a breach of the peace committed

in his presence; and section 219 of said chapter 50 confers on justices of the peace jurisdiction in cases of assault and battery. These provisions unquestionably gave the mayor of the town of Smithfield jurisdiction to arrest and punish for the offense charged herein, as and for an offense against the State.

There is nothing in the record tending to show that defendant was tried before the mayor under a town ordinance making assault and battery an offense against the town, nor that there was in force such an ordinance; and the mayor was not permitted to testify further than that the act constituting the offense was committed in his presence. Counsel for the State calls attention to the fact that the transcript of the mayor's docket styles the case, "Town of Smithfield, County of Wetzel and State of W. Va. vs. Clem Kiger." In *State* v. *Hoilman*, 82 W. Va. 98, it is said: "The docket does not show on its face that he was then acting in the capacity of justice of the peace. The mayor was examined as a witness for the state and identified defendant as the same person who had been convicted by him, and was permitted to explain, over the objection and exception of defendant that the styling of the case was a mistake, 'because it (was) printed that way in the book' and he simply omitted to change it, that it ought to have been *State of West Virginia* vs. *W. E. Hoilman*. He likewise testified that he omitted, after his signature to his docket, the capacity in which he tried the case, and that he tried it as mayor of the city and ex-officio justice of the peace of said city. This parol evidence does not contradict, but simply explains the record and supplies omissions that are plainly apparent from the record itself, and was, therefore, competent evidence. The mayor's docket is entitled to no higher dignity than the docket of a justice of the peace, which is not conclusive. Sec. 182, Ch. 50, Code, expressly provides that it shall not be conclusive if errors or omissions be shown." In that case the indictment was for a second offense under the prohibition statute, and alleged that the defendant had been previously tried and convicted for a like offense before J. B. Wilkinson, Jr., mayor of the city of Logan, and ex officio justice of the peace of Logan County; but the mayor's docket

styled the case, *"The City of Logan, West Virginia* vs. *W. E. Hoilman."* The indictment was held good on demurrer, as one for a second offense under the statute.

The facts appearing in the record, and the course pursued by the mayor in arresting and trying the defendant tend clearly to show that he was proceeding under the provisions of section 39 of chapter 47, and sections 219 and 221 of chapter 50 of the Code, in his capacity as a justice of the peace of Wetzel County. If so, he tried and fined the defendant for an offense against the State, and not against the town of Smithfield; wherefore the former conviction is pleadable in bar to another trial for the same unlawful act, when charged as constituting the same offense.

Since there is no evidence of a municipal ordinance making assault and battery an offense against the town, we are not called upon to say whether or not the same unlawful act may constitute such separate and distinct offenses against the town and the State, that the conviction of the one may not bar a trial for the other.

In view of the foregoing, we are of opinion that the trial court erred in refusing to admit evidence of the former conviction.

The judgment will be reversed, the verdict of the jury set aside, and the defendant awarded a new trial.

*Judgment reversed; verdict set aside; new trial awarded.*