# CHARLESTON.

STATE *v.* G. O. MILLS

(No. 6376)

Submitted October 8, 1929.   Decided October 15, 1929.

*Jno. Q. Hutchinson* and *Grover C. Trail,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

Woods, President:

G. O. Mills was indicted and tried before the criminal court of Raleigh county for malicious wounding of one Day Snuffer. The jury returned a verdict finding him guilty of assault and battery, which verdict was set aside, on motion of the defendant, on the ground that the jury was improperly instructed. At the second trial the defendant tendered a plea of former jeopardy, setting up the fact that he had been previously arraigned before the mayor of the city of Beckley for assault and battery in the same "altercation and fight", and had there been adjudged to pay a fine of $1.00. The trial court refused the plea. The case was then submitted to the court, in lieu of a jury, on an agreed statement of facts, wherein it was admitted by the defendant that there was sufficient evidence to warrant the court, or a jury, in finding him guilty of assault and battery, and that he is so guilty, but for the action had with reference to the prosecution therefor before the mayor of Beckley. The facts appearing in the agreed statement are substantially those embodied in the special plea. The court found the defendant guilty of an assault and battery and sentenced him to four months in jail and adjudged that he pay a fine of $50.00. It is from this judgment that the present writ is prosecuted.

Since the correctness of the judgment here depends upon the agreed statement of facts, the ruling of the circuit court on the special plea becomes immaterial.

Chapter 50, section 219 (1), Code, gives the justice jurisdiction of the offense of assault and battery. The state may proceed in a prosecution for such offense by indictment as an offense at common law. *State* v. *McKain*, 56 W. Va. 128. Where the offense is committed in a city, town or village, the mayor thereof may try and punish the offender as ex officio justice of the peace. Code, Chapter 47, section 39. Under such circumstances the conviction may be plead in bar of an indictment for the same offense in the circuit court. This court takes judicial notice of the provisions of a city charter. The charter of the city of Beckley gives the municipality, among other things, power to enact ordinances "to prevent and prohibit

any tumult, riot, quarrel, angry contention, or abusive language, and to prevent the use of insulting epithets, assaults, *assault and battery,* and fix fines and punishment therefor.'' Acts 1927 (Municipal Charters) Chapter 18, section 21, subsection 36. As it was in the agreed state of facts that there was an ordinance enacted making assault and battery an offense against the city, so the case here is not open to the objection held by the courts in some jurisdictions that, the absence of such power given by the charter to enact the ordinance covering the subject, the ordinance would be void for that reason alone. The punishment authorized by this ordinance for an infraction thereof does not appear in evidence, except that it was punishable by fine or imprisonment, or both. The cases generally hold that a conviction under an ordinance or under the general law would not be a bar to a prosecution under the other, on the ground that the same act might constitute two offenses—one against the municipality and one against the state. The courts generally refuse to sustain the plea of former jeopardy on the ground that there are two offenses arising from the same act. Note in 17 L. R. A. (N. S.) 69. In other words, an act may be violative of both a state law and a municipal ordinance so as to constitute separate offenses, and an acquittal for the violation of one is not a bar to a subsequent prosecution for the violation of the other. This last stated proposition finds favor in the courts of Alabama, Arkansas, California, Colorado, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kentucky, Louisiana, Minnesota, Mississippi, North Carolina, Ohio, Oklahoma, Oregon, South Carolina, Tennessee and Texas. Note, 21 Anno. Cas. 67. In fact, it is an universal rule, aside from constitutional limitations.

With this setting let us examine our own decisions. One of the first cases involving a similar question was that of *Moundsville* v. *Fountain,* 27 W. Va. 182. Fountain was convicted under a warrant by the mayor of Moundsville for selling liquor within the town without first having obtained a license therefor from the town. He was later indicted by the grand jury of Marshall county for selling liquor (for the

same period) without first having obtained a state license therefor. Fountain plead the conviction before the mayor as a bar to the prosecution under the indictment. JUDGE GREEN, after an exhaustive collation of the law of the country, came to the conclusion, which is most aptly expressed in his own words: "But though it has been insisted on in argument of the counsel for the plaintiff in error, that this ordinance of the town of Moundsville provided for the punishment of an offense declared by the state to be a crime and punished as such, yet we think the *two offenses are not the same*, under the rules we have laid down for determining this question, even if we adopt these decisions, which have been most liberal to the accused. The state offense is 'selling, offering or exposing for sale spirituous liquors, * * * or any drink of like nature without a State license.' The offense, the punishment for which is provided by this ordinance of the town of Moundsville, is 'selling, offering or exposing for sale spirituous liquors, * * * or any drink of a like nature, without a license therefor from the town of Moundsville.'" This question came before this Court again in *Judy* v. *Lashley*, 50 W. Va. 628. There Judy sought to prohibit and restrain the mayor of the town of Davis from proceeding against him on the charge of carrying a deadly weapon, and from attempting to collect a fine of twenty-five dollars imposed upon him for said offense. There was nothing in the proceeding to show that the mayor was acting ex officio as justice of the peace in the prosecution. The ordinance under which the mayor acted was similar to the state statute in every respect, even to punishment by fine and imprisonment. There, as here, it was contended the municipal corporation was not authorized to punish acts already made criminal by the state law. After reviewing the decisions, JUDGE POFFENBARGER, speaking for the Court, concluded: "Under the general grant of power delegated by the act of 1849, the city authorities may cover all cases not provided for by the paramount authorities of the state. * * * All those ordinances regulating cemeteries, commons, markets, vehicles, fires, exhibitions, lamps, licenses, water works, watch, police, city taxes, city officers, health, nuisances, etc.,

are legitimate and proper. Nay, I might go further, and concede, that where the state law defines an offense generally, and prescribes a punishment, without reference to the place where it was committed, in town or country, and the act when committed in the streets and public places of the city, would be attended with circumstances of aggravation, *such as an affray,* for instance, the corporate authorities with a view to suppress this special mischief, might probably provide against it by an ordinance, because that ingredient or concomitant of crime might not be supposed to be included in the State law.'' In line with this reasoning the court held that the act of carrying a revolver, being an offense fully provided for and punished by State law, and not *being an act in itself amounting to a breach of the peace,* may not be made an offense and punished by a municipal ordinance, *unless expressly authorized by the municipal charter.* Another case that is illuminating on the question involved here is that of *Town of Oceana* v. *Cook,* 63 W. Va. 296. In this case it was held that a municipal ordinance making it unlawful for any person within its corporate limits, by threats, acts, menaces, or otherwise, forcibly or illegally to hinder, obstruct, or oppose, or to attempt to obstruct or oppose, or to counsel others to hinder, obstruct or oppose, any officer in the lawful exercise or discharge of his duty, and imposing a fine for a violation thereof, is not invalid because the offense described is substantially in the terms of section 17, Chapter 147, Code, relating to offenses against public justice. This was so held, on the ground that where the state defines an offense generally, without reference to the place where it was committed, and the act, when committed in a city, would be attended with aggravation, the corporate authorities may provide against it by ordinance, because that ingredient might not be supposed to be included in the state law. These acts might well be classed as breaches of the peace.

The phrase ''breach of the peace'' is generic and includes every act of violence of which tends to disturb that sense of security which every person feels necessary to his comfort and to secure which the government is instituted and main-

tained. *Marcuchi* v. *N. & W. Ry. Co.*, 81 W. Va. 548. Lexico-graphers are in agreement that it includes all violations of the public peace, order and decorum, such as to make an affray, threaten to beat, wound or kill another, *or commit violence against the person of another*. How like the offense here under consideration. It is admitted that there was "an altercation and a fight" between the defendant and Day Snuffer, which took place in the city of Beckley. Later in the day the defendant was arrested by the chief of police of the city for said offense, and tried by the mayor upon a charge of assault and battery, in violation of an ordinance which makes assault and battery an offense against the city, and pleaded guilty thereto, and was fined one dollar and costs incident to the action, which fine was paid into the treasury of the city. The sole question, therefore, is such trial a bar to a trial and conviction in the circuit court for assault and battery under an indictment? We have held that where the mayor acted as a justice of the peace under Chapter 47, section 39, that a conviction therefor was a bar to an indictment for the same offense. *State* v. *Kiger,* 103 W. Va. 55. But, the decision there was placed on the ground that the mayor acted in the place of the justice and that the offense charged was not for violating a town ordinance. On the contrary, here it is shown that the mayor did not act as ex officio justice of the peace and there was in fact an ordinance of the city making assault and battery an offense against the city and that he was convicted thereunder.

Perforce of the holding of the decisions of this Court, there-fore, a town incorporated under the general law is empowered to enact an ordinance making assault and battery committed within its borders an offense on the theory that it is an act within itself amounting to a breach of the peace attended with an element of aggravation not included in such act committed without town limits. Prosecution of each offense proceeds upon a different hypothesis; the former contemplates dis-turbance of the peace and good order of the city; the other has a more enlarged object in view,—the maintenance of the peace and dignity of the State. Therefore, a conviction under

such ordinance for one may not be pleaded in bar of a conviction under indictment for the other. This being true, as regards towns, it certainly follows that the same rule would govern in cities where the charter, as here, authorized the enactment of an ordinance providing for the prosecution and punishment for such offense.

*Affirmed.*