STATE OF WEST VIRGINIA *v.* ARTHUR McCOY

(No. 8983)

STATE OF WEST VIRGINIA *v.* LEWIS McCLUNG

(No. 8984)

Submitted January 16, 1940. Decided February 6, 1940.

*J. V. Brennan,* for plaintiffs in error.

*Clarence W. Meadows,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for defendant in error.

MAXWELL, JUDGE:

These cases are identical and were submitted together in this court for decision.

Both defendants were convicted in the intermediate court of Kanawha County, and sentenced to pay fines and undergo imprisonment for violation of Code, 61-10-10, which inhibits the operation of a poolroom, defined to mean "any room where any pool ticket, chance, voucher or certificate entitling or purporting to entitle the holder or promisee thereof, or any other person, to money or other thing of value, contingent upon the result of any horse race, prize fight, game of chance, game of skill or science, or other sport or contest, the information of which result is obtained by telephone, telegraph, wireless telegraphy or radio, or other electrical device."

The place involved is the Colonial Billiard Parlor at 117 Summers Street in the City of Charleston. On the execution of a search warrant the defendants were taken into custody, McCoy as owner and operator of the pool business, and McClung as his agent and assistant therein.

To the orders of the circuit court affirming the trial court's judgments this court awarded writs of error.

The defendants' first point is a challenge of the sufficiency of the indictments which charge, each in its first count, that the defendant therein named "did unlawfully and knowingly set up and promote a pool room in violation of Section 10, Article 10, Chapter 61 of the Official Code of West Virginia * * *", and in the second count, that the defendant named "was unlawfully connected with and interested in the management and operation of a pool room, in violation of Section 10, Article 10, Chapter 61, of the official Code of West Virginia, against the peace and dignity of the State."

The defendants urge that in these indictments the facts necessary to constitute the crime sought to be charged are not affirmatively alleged, and rely on the case of *State* v. *Viquesney,* 103 W. Va. 392, 137 S. E. 538, which emphasizes the general requirement of specificness in an indictment. But that exaction is not at variance with, nor exclusive of, an equally basic rule of criminal pleading: "It is generally both sufficient and necessary, in drafting indictments for statutory offenses, to follow the language of the statute." *State* v. *Pennington,* 41 W. Va. 599, 23 S. E. 918. That course was pursued in the indictments here under appraisal, and, in addition, the particularization required by the rule of the *Viquesney* case, we think, is not lacking. We perceive no deficiency in these pleadings. The case of *State* v. *Matthews,* 117 W. Va. 97, 184 S. E. 665, is closely analogous. Therein, the first count of the indictment charged that the defendant and another "unlawfully did set up and promote and were concerned in managing and drawing a lottery or raffle for money or other thing of value." That count

and the others of the indictment were held sufficient. Consult *State* v. *C. & P. Telephone Co.,* 121 W. Va. 420, 4 S. E. (2d) 257.

Backgrounded by the rule applied in the *Pennington, Matthews,* and *Telephone Company* cases, the trial court committed no error in overruling the demurrers to the indictments here drawn in question.

In each case at bar a motion for a bill of particulars was overruled. These rulings were proper because neither motion was supported by an affidavit specifying the information desired. Such affidavit is essential. *State* v. *Sixo,* 77 W. Va. 243, 87 S. E. 267; *State* v. *Hurley,* 78 W. Va. 638, 90 S. E. 109.

Error is also urged in the trial court's admitting evidence obtained in the execution of the search warrant. It is contended by the defendants that the warrant is void because issued in pursuance of a complaint insufficient in that it was based not on alleged facts, but merely on information and belief. The complaint discloses that the affiant made oath that "he has cause to believe and does believe that pool tickets, chances, vouchers, and certificates * * * are knowingly and unlawfully kept, sold, transferred, offered for sale and paid in said county in that certain store room and rooms adjacent thereto, situate at 117 Summers St., City of Charleston * * *". This complaint is sufficient. *State* v. *Kees,* 92 W. Va. 277, 114 S. E. 617, 27 A. L. R. 681. The statutory authorization therefor is Code, 62-1-18, wherein, on the part of the affiant, belief alone is required, and the justice may act affirmatively on the complaint "if satisfied that there is reasonable cause therefor." The effort of the defendants to invoke the rule applied in *State* v. *Lacy,* 118 W. Va. 343, 190 S. E. 344, is unavailing because that case, requiring facts to be set forth in a complaint supporting a search warrant for intoxicating liquors, is based on a different statute from the one above cited. The statute discussed in the *Lacy* case, being Code 1937, 60-6-18, requires that as basis for a warrant to search a

house or other place for alcoholic liquors, there shall be a complaint supported by affidavit "setting forth the facts" for the belief of the affiant.

There having been no prejudical error at the trial of either case, we affirm the judgments of the circuit and intermediate courts.

*Affirmed.*