STATE OF WEST VIRGINIA *v.* FRED A. McMILLION

(No. 9619)

Submitted September 19, 1944. Decided November 14, 1944.

*J. Howard Hundley* and *Conley, Thompson & Legg,* for plaintiff in error.

*Ira J. Partlow,* Acting Attorney General, and *Ralph M. Hiner,* Assistant Attorney General, for defendant in error.

LOVINS, JUDGE:

Defendant was found guilty by a justice of the peace on a warrant which charged the offense of operating a motor vehicle on a public road or street while intoxicated. On appeal to the Intermediate Court of Kanawha County defendant was convicted by a jury, fined one hundred dollars, and his driver's license suspended for a period of six months. The Circuit Court of Kanawha County affirmed the judgment and the case comes to this Court on writ of error.

Evidence adduced by the State showed that on the eve-

ning of February 9, 1943, an automobile was driven to the rear of the Department of Public Safety barracks at South Charleston, and defendant emerged therefrom in an intoxicated condition. No one else was seen in or about the automobile. Defendant, with considerable difficulty, walked into the barracks and told a member of the Department of Public Safety that his automobile had been stolen, and that he had driven an automobile, not his own, from Midland Inn on U. S. Route 60 in South Charleston to the barracks for the purpose of reporting the theft. Defendant was placed under arrest and taken to the Kanawha County jail.

Defendant was the only witness who testified in his behalf. He testified that he had been to the Patrick Street market and had consumed one bottle of beer; that while at the market he met a man who wanted a ride to South Charleston; that he permitted the man, whose name and address are unknown, to ride in his automobile to South Charleston; that he stopped his automobile near Midland Inn on U. S. Route 60; that he and his companion went into the Inn to purchase some cigarettes and candy; that when they came out of the Inn his automobile was gone, and in its place was another of the same kind; that he gave his automobile keys to his companion, who drove it to the rear of the barracks, hereinbefore mentioned, the defendant riding therein; that his companion then left him; that the automobile as parked by his companion created an obstruction to traffic in the rear of the barracks; that he, the defendant, drove the automobile about three feet to a better parking place; that he went into the police barracks to report the theft and was thereupon placed under arrest.

On cross-examination the State, over objection, was permitted to elicit the fact that defendant was the same Fred A. McMillion who had been convicted by a justice of the peace in the year 1935 of the offense of operating an automobile on a public road while intoxicated.

The trial was had on May 5, 1943. On July 31, 1943, defendant moved for a new trial on the ground of newly dis-

covered evidence. In support of the motion defendant submitted affidavits of two persons to the effect that on the evening of February 9, 1943, they saw defendant and another man get in a parked automobile near Midland Inn in South Charleston and that the automobile was driven away by the companion of defendant.

The State introduced evidence tending to show that the space in the rear of the police barracks at South Charleston was open to all persons having any business with the members of the Department of Public Safety there stationed.

Defendant contends that the Circuit Court of Kanawha County erroneously affirmed the judgment of the Intermediate Court of that County, and assigns errors allegedly committed by the latter court predicated on the following propositions: (1) That the evidence was insufficient to convict him; (2) that the evidence of his former conviction was inadmissible; (3) that instruction No. 1 given on the request of the State should not have been given; (4) that instructions Nos. 3 and 4 offered by him should have been given; and (5) that the verdict and judgment should have been set aside because of after-discovered evidence.

The offer and refusal of the peremptory instruction raise the question whether the evidence was sufficient to sustain a verdict of guilty and call for an analysis and appraisal of the evidence.

The defendant in testifying in his own behalf states that on the night of his arrest he left the McMillion Motors Company about ten-thirty P. M., went to the Patrick Street market, bought some groceries, stayed approximately an hour and a half at the market, and that then he and a young man, unnamed, entered defendant's automobile and proceeded to Midland Inn in South Charleston, where defendant stopped, parked his automobile about fifty feet from Midland Inn, went into the Inn and purchased a package of cigarettes; that when he came out he thought his automobile had been stolen and that another automobile was parked on the road with the headlights burning

and the door open, headed in a traffic lane on U. S. Route 60. While defendant does not say he drove his automobile over a public road, the inference is too clear for dispute that defendant did, in fact, drive his own automobile from McMillion Motors Company to the Patrick Street market, and thence to the Midland Inn. He says he drank only one bottle of beer at the market. Evidence of defendant's intoxication when he arrived at the barracks of the Department of Public Safety at South Charleston is direct and positive. Assuming as correct his testimony that he did not drive an automobile from Midland Inn to the barracks, the fact that defendant drove an automobile from McMillion Motors Company to the market and thence to Midland Inn is clearly established by his own testimony. Since the time spent at the Midland Inn was short, it becomes clear that if defendant was intoxicated when he arrived at the barracks and that if he drank only one bottle of beer at the market, his state of intoxication existed prior to his arrival at Midland Inn. Of course, the defendant denies that he was intoxicated, but the evidence is positive and direct in that respect, and the jury had the right to believe the witnesses for the State and disbelieve the evidence of the defendant.

The warrant charges defendant with having operated upon a public road a motor vehicle of a particular make and model and having a certain license number thereon. We regard that part of the warrant which describes the motor vehicle as surplusage. The omission of the description of the motor vehicle would not in any way detract from the validity of the warrant and without such descriptive matter fully and plainly informed the defendant "of the character and cause of the accusation". See *State v. Keller,* 118 W. Va. 296, 191 S. E. 201.

Upon consideration of the foregoing, it will be seen that defendant himself gives direct evidence of the operation of an automobile a short while before he was seen in an intoxicated condition. Defendant says that he gave his keys to an unknown man to drive an automobile to the barracks. He does not explain why he did so. Ordinarily

a person, if in a normal condition and accustomed to driving an automobile and having started to go to his home from his business or employment, would continue to operate it at least until the trip ends. No reason is given why the unknown young man was permitted or re-, quested to operate the automobile from Midland Inn to the barracks. It is true that circumstantial evidence must exclude every reasonable hypothesis save the guilt of the accused, but we see no escape from the conclusion that defendant operated an automobile on a public road on his way from McMillion Motors Company to the Midland Inn, stopping on his way at Patrick Street market. The admitted operation of an automobile from the market to Midland Inn having taken place shortly before defendant was seen in an intoxicated condition and he having drunk no intoxicants in the meantime, are circumstances which, together with direct evidence of intoxication, constitute a sufficient basis for an inference of guilt beyond a reasonable doubt.

We are of the opinion that the evidence was sufficient to sustain a verdict of guilty, and that there was no error in refusing the peremptory instruction.

The rule relating to the admission of evidence of former conviction when defendant voluntarily becomes a witness is stated in the following: "Code, 57-3-6, requires an accused who voluntarily becomes a witness in his own behalf to state in response to questions propounded on cross-examination, whether or not he has been convicted of other offenses." *State* v. *Friedman,* 124 W. Va. 4, 18 S. E. 2d 653. As to whether there should be a distinction made in cases where the former conviction was for a felony or for misdemeanor, the following is pertinent: "We are of the opinion that the difference between a felony and a misdemeanor in this state has no bearing upon the question under consideration, because we have no statute in point recognizing that distinction and confining the permission to interrogate witnesses concerning a former conviction to the commission of a felony. Of course, the trial judge, if requested to do so, should inform the jury that the cross-

examination as to former convictions does not relate to the question of guilt or innocence, but only to the question of credibility. Due to the doubtful effect upon the jury, we do not think the trial judge should assume the initiative." *State* v. *Friedman, supra.* Having reexamined the rule announced by this Court in the *Friedman* case, we find no reason for modification thereof. However, prosecuting officers and trial courts should have regard to the rules of relevancy in propounding questions and admitting answers relating to former convictions where an accused voluntarily becomes a witness in his own behalf.

We find no error in the admission of testimony relative to the former conviction of the defendant.

Rule VI (e) of the Rules of Practice and Procedure for Trial Courts in West Virginia provides, in part, as follows: "* * * Specific grounds of objection only will be considered. * * *". The foregoing rule does not apply to instructions given in felony cases. *State* v. *Belcher,* 121 W. Va. 170, 2 S. E. 2d 257. But here defendant is charged with, and convicted of, a misdemeanor, and therefore the above provision quoted from the rule applies to this case. No specific objection being made to the State's instruction No. 1, the same is not considered.

Instructions Nos. 3 and 4 tendered by the defendant and refused relate to the same proposition, and are binding instructions. Instruction No. 3 tells the jury that if they believe that the private driveway was used in connection with the "State Police Headquarters", the jury should find defendant not guilty. Instruction No. 4 tells the jury that if they believe that the place where it was testified that defendant drove his automobile was not a public highway, road or street, the jury should find defendant not guilty. It will readily be seen that the basic factual premise is the same in both instructions. In instruction No. 3 the premise was stated affirmatively; in instruction No. 4 it was stated negatively. We do not believe that the factual premise was sufficiently broad to authorize a finding in favor of the defendant. Both instructions entirely ignore the evidence of the defendant with reference to his operation of an auto-

mobile just prior to his arrival at Midland Inn, and the evidence on behalf of the State tending to show defendant admitted that he operated an automobile from the Inn to the barracks. The factual premise in these instructions, considering all of the evidence, is too narrow and restricted to warrant a verdict of not guilty, and the trial court committed no error in refusing to give them.

The last assignment of error relates to the refusal of the trial court to set aside the verdict and judgment on the ground of after-discovered evidence. The affidavit of defendant and those of the persons whose testimony is proffered disclose that the after-discovered evidence is, in large measure, corroborative of the defendant's testimony, and we cannot say that it would call for a different verdict should a new trial be granted. Moreover, diligence to secure evidence in the first instance must be shown. *State v. Booker,* 68 W. Va. 8, 69 S. E. 295; *State* v. *Huffman,* 69 W. Va. 770, 777, 73 S. E. 292; *State* v. *Lemon,* 84 W. Va. 25, 29, 99 S. E. 263. The affidavit of the accused tendered in support of his motion for a new trial on this ground shows that no diligence was exercised by defendant in procuring the attendance of the two witnesses. Failing to show the necessary diligence in procuring the attendance of the witnesses, the motion to set aside the verdict and judgment and grant a new trial, was properly overruled.

There being no reversible error in the rulings and judgment of the Intermediate Court of Kanawha County and, therefore, no error in the affirmance thereof by the Circuit Court of Kanawha County, they are affirmed.

*Affirmed.*

RILEY, JUDGE, concurring:

Were it not for the holding of this Court in *State* v. *Friedman,* 124 W. Va. 4, 18 S. E. 2d 653, I would dissent from the decision in this case on the ground that the cross-examination of defendant as to his prior conviction constituted prejudicial error. I did not participate in the decision of the *Friedman* case, and though bound by it do not agree

with it so far as it deals with the application of Code, 57-3-6. Prior to the enactment of Code, 1931, there was no statutory provision dealing with the cross-examination of the accused in a criminal trial, after he has voluntarily submitted himself as a witness, but the settled law of this State prior to the *Friedman* case inhibited the cross-examination of an accused in a criminal case as to a prior conviction where the prior conviction was not placed in issue under the indictment, or the accused did not, in the first instance, testify on direct examination as to the prior conviction, or the crime involved in the prior conviction was not connected with the crime concerning which the accused is being examined. In *State v. Webb*, 99 W. Va. 225, 128 S. E. 97, this Court held such cross-examination inadmissible, notwithstanding the rule was otherwise in the majority of American jurisdictions. I think the decision in the *Webb* case, in so far as it deals with the instant question, is sound. Code, 57-3-6, provides, "* * * and if he so voluntarily becomes a witness he shall, as to all matters relevant to the issue, be deemed to have waived his privilege of not giving evidence against himself and shall be subject to cross-examination as any other witness; but his failure to testify shall create no presumption against him, nor be the subject of any comment before the court or jury by anyone." It is to be noted that the liberty of cross-examination of an accused in a criminal case is limited by this statute to *"all matters relevant to the issue"*. I do not think that evidence concerning a prior conviction not connected with the crime for which the accused is being tried is in the least relevant to the issue of whether accused is guilty or innocent, and is inadmissible, unless the indictment charges the former conviction, or the accused has testified on direct examination to his former conviction, or the crime involved in the former conviction is connected with the crime for which he is being tried. None of these factors appears in the instant record, but because of the holding of this Court in the *Friedman* case, I am constrained to concur with the other members of the Court in this decision. It was because I felt bound by the views

of the majority of the Court in the *Friedman* case that I cited it in the opinion in *State* v. *Seckman,* 124 W. Va. 740, 742, 22 S. E. 2d 374.