STATE OF WEST VIRGINIA

*v.*

TRACY TAYLOR

(No. 9839)

Submitted January 28, 1947. Decided March 25, 1947.

*Guy H. Burnside,* for plaintiff in error.

*Ira J. Partlow,* Attorney General, and *Ralph M. Hiner* and *Eston B. Stephenson,* Assistant Attorneys General, for defendant in error.

HAYMOND, JUDGE:

The defendant, Tracy Taylor, was tried and convicted in the Criminal Court of Harrison County, upon an indictment containing two counts which charged that, on the — day of September, 1944, in Harrison County, she did unlawfully receive, and offer and agree to receive, certain designated persons, in a specified hotel in the City of Clarksburg, for the purpose of prostitution, lewdness and assignation, and that she did unlawfully permit such persons to remain there for such purpose. She was sentenced to be confined in jail for a period of twelve months and to pay a fine of $100.00. The circuit court of that county having refused to review that judgment, the case is here on writ of error.

On September 19, 1944, before the foregoing indictment was returned against the defendant on March 7, 1945, she was arraigned and tried by a justice of the peace of Harrison County on a warrant which, without additional allegations, charged that on the — day of September, 1944, in Harrison County, she did unlawfully let, sublet and rent rooms to another with knowledge and good reason to know of the intention of the lessee to use such rooms for prostitution, lewdness and assignation. The justice found the defendant guilty and imposed a sentence of six months in jail and a fine of $100.00. She appealed from the judgment of the justice of the peace to the Criminal Court of Harrison County, and entered into a recognizance to appear before that court at its next regular term on March 7, 1945, at which time, during the pendency of the appeal, the foregoing indictment was returned.

The defendant appeared in the Criminal Court of Harrison County on March 12, 1945, and her trial upon the indictment was continued to, and set for, April 12, 1945. On March 12, 1945, and before the trial of the defendant on the indictment, at the instance of the prosecuting attorney, for the assigned reason that the warrant on which the defendant had been tried and convicted before the justice was defective, the trial court dismissed the appeal

and discharged and released the defendant from the warrant.

The order of dismissal recites that the prosecuting attorney, with the assent of the court, will not prosecute the defendant in the appealed action for the reason that the warrant had been found to be defective. Examination of the warrant which is contained in the original record but which is omitted from the printed record discloses that the allegations of the warrant are not sufficient to satisfy the essential requirement that the accused be fully and completely informed of the character and cause of the accusation. For that reason it was not sufficient in form or substance to sustain a conviction, and was, of course, fatally defective.

On April 12, 1945, when the case was called for trial, the defendant entered her demurrer and motion to quash the indictment. The demurrer and the motion to quash were overruled. The defendant then filed her plea of not guilty and a special plea of former jeopardy based upon her trial and her conviction on the warrant by the justice of the peace. The special plea alleged that the defendant in the warrant and the defendant in the indictment were the same person, that the offense charged in each was the same offense, and that the judgment of the justice of the peace remained in full force and effect. It contained no reference to the appeal by the defendant from the judgment of the justice of the peace or its prior dismissal and the discharge of the defendant from the warrant by the criminal court on March 12, 1945. These omitted facts were set forth in a special replication filed in behalf of the State by the prosecuting attorney. In the replication the identity of the offenses was also denied. The court rejected the special plea and the case was tried before a jury upon the issue joined upon the plea of not guilty. The jury returned a verdict of guilty. The court overruled the motion of the defendant to set aside the verdict and grant her a new trial and entered judgment upon the verdict.

The facts, as presently detailed, were developed in the evidence introduced in behalf of the State upon the trial.

About eleven o'clock on the night of September 4, 1944, an investigating officer, whose identity was then unknown to the defendant, in company with a girl he had met thirty to forty-five minutes previously in a lunch room, went to a hotel known as the K & H Hotel, at No. 328½ on the north side of West Pike Street, in the City of Clarksburg, where the defendant was employed as night clerk. The hotel is located in the second and third stories of a three-story brick building, the entrance to which is by a stairway from the street to the second story of the building. At the top of the stairs, on the second floor, to the right is a desk which is used as an office. To the left, opposite the desk, is a hall which leads to a beer parlor. Beyond the office, and along the corridor which extends back from the entrance, are a number of bedrooms. Another stairway leads from the second floor to the third floor where there are additional rooms.

When the investigator and the girl, whom he had not seen before or has not seen since and whose name he did not know, reached the office, he met a man, the manager of the hotel, whom he identified at the trial, and asked him for the clerk. The investigator told the manager they wanted a room. The defendant, who was the clerk, appeared within a few minutes. She asked the investigator if he desired a room. He replied that he did and told the defendant that he was a married man, that the girl with him was not his wife, and that he did not want to place his right name on the register. The defendant told him that he need not put his right name on the register and that he could use any name he wished. He then registered by a fictitious name. The girl did not register. He was given a bedroom, number six, for use for about thirty minutes at an agreed price. The defendant took them to the room which was located on the right side of the corridor and in the rear of the office. The investigator and the girl entered the room, and he then came out and asked the de-

fendant if she had any contraceptives for sale. He told her that he wanted some safety measure because he did not know anything about the girl and that he wished to be safe. The defendant went to the office and met him in the hall in a few minutes and sold him a package of prophylactics which she said were safer than contraceptives. He returned to the room and stayed with the girl for approximately thirty minutes. Then he and the girl left the hotel. Neither the investigator nor the girl had any baggage when they went to the room. The girl was not summoned as a witness and did not testify at the trial.

After his visit to the hotel, the investigator obtained a search warrant, and on the night of September 9, 1944, he and three other police officers searched the premises. The defendant was in the hotel on the night of the raid which took place between ten and ten-thirty o'clock. She was called from another part of the building, identified by the investigator as the woman who had rented him the room, and placed under arrest. At the time of the raid she told one of the officers that she was employed at the hotel as the night clerk.

The raid was fruitful. Unmarried couples, undressed or only partly dressed, were found in bed in some of the rooms. The occupants of the rooms, the operator of the hotel, a man named Burke and the defendant, were placed under arrest. Loosely arranged registration cards were found at or near the desk. These cards were not indexed and some of them contained only surnames with no address, or fictitious names. The card for room number ten, listed Merryman and wife. A deputy sheriff testified that the general reputation of the hotel in the community, as a place of prostitution, lewdness and assignation, was bad.

The defendant testified and produced her employer, Burke, the owner and the operator of the hotel, as a witness in her behalf at the trial. She denied completely the investigator's version of his visit to the hotel on the night of September 4, 1944. She denied that she had rented him a room on that occasion, that she had any dealings with

him, and that she had ever seen him prior to the raid which, she admitted, he and the officers had made on the night of September 9, 1944. She admitted that she had been the night clerk at the hotel during an interrupted period of service which totalled about seven and one-half years. She stated that she had never, to her knowledge, while acting as clerk, registered as man and wife any man and woman who were not man and wife. She denied any knowledge about the occupants of the rooms at the time of the raid on the night of September 9, 1944, and denied that she knew any of the women who were in the hotel at that time. She testified that she had come to the hotel to go on duty that night just as the officers arrived. On cross-examination she admitted that she had, on various occasions, permitted persons to register with incomplete names and without addresses. She also admitted, on cross-examination, over objection of her attorney, that, in 1936, on an indictment for robbery, she had been convicted of assault and battery and sentenced to serve one year in the jail of Harrison County. To this last mentioned testimony the defendant excepted.

Burke, who lived in the hotel with his family, testified that the investigator and the girl had not, to his knowledge, obtained a room on the night of September 4, 1944, and that the first time he had seen him, to his knowledge, was on the night of September 9, 1944, at the time of the raid. He admitted using registration cards, and registering some of the couples on September 9, 1944, but he denied any knowledge that any of the persons arrested on that occasion were not man and wife. On cross-examination, without objection, he testified that he knew that the defendant, during the time he had employed her as night clerk at the hotel where she lived, had previously been indicted for robbery and convicted of assault and battery and sentenced to jail in Harrison County.

Numerous errors are assigned as grounds for reversal of the judgment of the trial court. The principal assignments may be considered under these headings: (1) The

indictment fails to state any offense; (2) the defendant has been twice put in jeopardy for the same offense; (3) evidence of the bad reputation of the hotel was inadmissible; (4) the search warrant was invalid and the evidence obtained during the search of the premises was incompetent; (5) evidence relating to the conviction of the defendant of an earlier and different offense should have been excluded; (6) evidence offered by the defendant and excluded by the trial court should have been admitted; (7) instructions offered by the State and given by the court, should have been refused; (8) certain instructions offered by the defendant and refused by the court, should have been given; and (9) the verdict is without sufficient evidence to support it.

Each count of the indictment is challenged as insufficient on the ground that it fails to state an offense. It is insisted that the failure to charge that the defendant, knowingly and with knowledge, received and offered and agreed to receive the persons mentioned in each count, into the hotel, for the purpose of prostitution, lewdness and assignation, and the failure to charge that she knowingly and with knowledge permitted them to remain there, for that purpose, constitute an insufficient statement of any offense and render each count of the indictment fatally defective. The contention is that the charge of knowledge upon the part of the defendant is required to constitute any offense under the applicable statute. The crimes with which the defendant is charged are specified and created by subsection (a), Section 5, Article 8, Chapter 30, Acts of the Legislature, Regular Session, 1943, the pertinent portion of which provides that "Any person * * * who shall receive or offer or agree to receive any person into any house, * * * building, hotel, * * * for the purpose of prostitution, lewdness, or assignation, or to permit any person to remain there for such purpose; * * * shall, upon conviction for the first offense under this section, be punished by imprisonment in the county jail for a period of not less than six months nor more than one year, and by a fine of not less than one hundred dollars

and not to exceed two hundred fifty dollars, * * *." It is significant that the statute, in creating the offenses mentioned in the portion quoted, omits any language which requires the prohibited acts to be engaged in or committed knowingly or with knowledge. ·

It is argued that the averment in the indictment that the specified acts were done unlawfully can not take the place of a statement that they were done knowingly or with knowledge, and that such language is essential to describe each offense. That argument is unsound. When a statute is silent, as here, concerning the knowledge of the defendant, the indictment need not allege that he possessed such knowledge. *State* v. *Furr,* 101 W. Va. 178, 132 S. E. 504. Each count of the indictment exactly follows the language of the statute. Even that degree of exactness is not necessary if the language used conforms in substance to that of the statute. A warrant or an indictment which charges a statutory offense is sufficient when it substantially follows the language of the statute, or charges the offense in words equivalent to, or of the same import as, the words in the statute, and fully informs the defendant of the particular offense charged and the court can determine the statute on which the charge is founded. *State* v. *LaRosa,* 129 W. Va. 634, 41 S. E. 2d 121; *State* v. *Crummitt,* 129 W. Va. 366, 40 S. E. 2d 852; *State* v. *Hudson,* 128 W. Va. 655, 37 S. E. 2d 553, 163 A. L. R. 1265; *State* v. *McCoy,* 122 W. Va. 54, 7 S. E. 2d 89; *State* v. *Mc-Clung,* 122 W. Va. 54, 7 S. E. 2d 89; *State* v. *Nazel,* 109 W. Va. 617, 156 S. E. 45. "It is generally both sufficient and necessary, in drafting indictments for statutory offenses, to follow the language of the statute." *State* v. *Pennington,* 41 W. Va. 599, 23 S. E. 918. It is manifest that the indictment, and the statute on which it is based, satisfy all the above mentioned requirements. The indictment is sufficient, and the action of the trial court in overruling the defendant's demurrer and motion to quash was correct.

The defendant asserts that she has been twice placed in jeopardy because she was convicted and sentenced by a

justice of the peace for an offense which arose from the same state of facts which gave rise to the indictment, which offense, she insists, is the same offense charged against her in the indictment. Her position on that point is not tenable. The language of the warrant undertakes to state an entirely different offense from any offense charged in the indictment. The defective statement in the warrant attempts to charge another offense under the same subsection of the statute, that of letting, subletting or renting a place, house, hotel or other structure to another with knowledge or good reason to know of the intention of the lessee or the rentee to use such place for prostitution, lewdness or assignation. An element of that offense is knowledge or good reason to know, upon the part of the accused, of the intention of the lessee or the rentee to use such place for the forbidden purpose. That element is not a constituent part of any offense charged in the indictment, and its presence in the one offense and its absence from the other serve to exemplify the difference between the two offenses.

The provision of the Constitution of this State which forbids that any person, in any criminal case, shall be twice put in jeopardy of life or liberty for the same offense applies only, as appears from the language of that instrument, to the same offense. West Virginia Constitution, Article III, Section 5. It does not affect another or different offense. The common law rule against a second jeopardy and the constitutional provisions which are declaratory of that rule apply only to a second prosecution for the same act and crime, both in law and in fact, for which the first prosecution was instituted. 15 Am. Jur., Criminal Law, Section 380. See *State* v. *Mills,* 108 W. Va. 31, 150 S. E. 142. Some appellate courts hold that a conviction of a lower degree of crime is a complete acquittal of the higher degrees of the crime charged against an accused within the rule against twice putting a person in jeopardy for the same offense. On that question, however, the cases in the different jurisdictions are in conflict, 15 Am. Jur., Criminal Law, Section 1428, notes 8 and 12; 22

C. J. S., Criminal Law, Section 272 d.; and that issue is not here presented. Other sufficient and complete answers that could be made to the claim of the defendant of former jeopardy, such as the legal insufficiency of the warrant, the vacating of the judgment by the appeal taken by the defendant, and the dismissal of the appeal because of the defectiveness of the warrant, are here mentioned. These points, however, not being material to the issue of former jeopardy as raised in this case, need not be discussed or determined. The plea of former conviction did not allege that the judgment was final and conclusive and the plea was, for that reason, insufficient. 15 Am. Jur., Criminal Law, Section 378. The action of the trial court in rejecting the plea was correct.

The defendant cites, to support her position on the question of former jeopardy, the case of *State* v. *Kiger,* 103 W. Va. 55, 136 S. E. 607, and the Virginia case of *Bryan* v. *Commonwealth,* 126 Va. 749, 101 S. E. 316. In each of those cases the offense on which the former conviction was based was held to be the same offense for which the accused was again prosecuted and convicted a second time. In each of those cases it appeared that the judgment of former conviction was final and conclusive and was not appealed from or set aside. For these reasons neither case is in point or applicable to any issue developed in this proceeding.

The contention of the defendant that the trial court committed error in permitting the State to introduce evidence of the bad reputation of the hotel is without merit. A subsection of the section of the statute upon which this prosecution is grounded expressly provides that such evidence shall be admissible in the trial of any person charged with a violation of any of the provisions of that section of the act. Subsection (d), Section 5, Article 8, Chapter 30, Acts of the Legislature, Regular Session, 1943.

The defendant insists that the search warrant was invalid because it contained the incorrect street number of

the hotel. Its correct street number was 328½, instead of 328, West Pike Street, as stated in the warrant. That error is unimportant in this case. The warrant contained other statements descriptive of the hotel and its location which were sufficient to enable the officer who executed it to locate the property which it mentioned and described. A warrant designates a place to be searched with sufficient particularity, when from the description used the officer who executes the warrant can definitely locate the place. *State* v. *John,* 103 W. Va. 148, 136 S. E. 842. The evidence obtained in the search conducted under the warrant was not inadmissable because of the incorrect street number in the warrant.

The defendant vigorously insists that she was prejudiced by the action of the trial court in permitting the prosecuting attorney, over the objection of her attorney, to elicit from her, on cross-examination, the admission that several years previously she had been indicted for robbery by assault and had been convicted of assault and battery and sentenced to serve one year in the jail of Harrison County. To this action of the court the defendant excepted. Substantially the same information was later brought out, without objection or exception by the defendant, by the prosecuting attorney in the cross-examination of the witness Burke, who testified in behalf of the defendant. The State contends that the introduction of the same information without objection and exception amounted to a waiver of the objection of the defendant to the testimony on that subject. That contention of the State is not tenable. The rule supported by the weight of authority is that a party does not waive an objection once made and overruled by his failure to renew the objection each time the same or similar evidence is introduced. 23 C. J. S., Criminal Law, Section 1080. Generally, when an objection has been distinctly made and overruled, it need not be repeated to the same class of evidence, as it may be assumed that the court will adhere to its ruling during the trial. 53 Am. Jur., Trial, Section 146. A defendant who rightfully objects and excepts to the ad-

mission of evidence is not held to have waived the error or not to have been prejudiced, because the evidence is afterward admitted over his objection on the same grounds, but to which he has not reserved an exception. 16 C. J. 886. The failure of the defendant to object to the subsequent admission of the evidence did not waive her earlier objection or render admissible the evidence to which she had previously entered her exception. See *Chatt* v. *Commonwealth*, 268 Ky. 141, 103 S. W. 2d 952; *Flum* v. *State*, 193 Ind. 585, 141 N. E. 353; *Garboctowski* v. *State*, 2 W. W. Harr (Del.) 386, 123 A. 395.

The evidence of the prior conviction of the defendant was admissible. Under Code, 57-3-6, an accused who voluntarily becomes a witness in his own behalf shall, as to all matters relevant to the issue, be deemed to have waived his privilege of not giving evidence against himself and shall be subject to cross-examination as any other witness. This statute was considered and applied by this Court in the case of *State* v. *Friedman*, 124 W. Va. 4, 18 S. E. 2d 653. In that case, in approving the action of the trial court in requiring the defendant, upon the trial of an indictment for a felony, to answer a question propounded to him on his cross-examination concerning his former conviction of a misdemeanor, this Court held in the syllabus:

> "Code, 57-3-6, requires an accused who voluntarily becomes a witness in his own behalf to state in response to questions propounded on cross-examination, whether or not he has been convicted of other offenses."

The rule laid down in that case has been reaffirmed in subsequent cases. *State* v. *Mullenax*, 124 W. Va. 243, 20 S. E. 2d 901; *State* v. *McMillion*, 127 W. Va. 197, 32 S. E. 2d 625.

For the reasons which are stated at length in the opinion of this Court in the case of *State* v. *Stout*, 116 W. Va. 398, 180 S. E. 443, the reference to the indictment and the character of the offense charged in the indictment in ⁄

connection with the former conviction for assault and battery should have been omitted from each of the questions propounded by the prosecuting attorney. That matter, however, was not made the basis of specific objection in the trial court. The objection was a general objection to the question in its entirety. The allusion to the indictment and some of its contents not having been specifically objected to and no motion to limit the question to the prior conviction having been made in the trial court, the admission of the evidence relating to the indictment was waived. It is well settled that an objection, to be good, must point out the specific ground of the objection, and that if it does not do so, no error is committed in overruling it. 53 Am Jur., Trial, Section 137. A general objection to evidence good in part is properly overruled. *Cobb v. Dunlevie*, 63 W. Va. 398, 60 S. E. 384; *State v. Hood*, 63 W. Va. 182, 186, 59 S. E. 971. Where evidence, admissible for one purpose but improper for another purpose, is admitted, under a general objection and in the absence of a motion to limit it, its admission is not error. *State v. Vandetta*, 108 W. Va. 277, 150 S. E. 736; *State v. Skinner*, 101 W. Va. 632, 133 S. E. 371; *Huff v. Columbia Insurance Company*, 94 W. Va. 663, 119 S. E. 854.

In view of the amount and the character of the evidence introduced by the State, which tends strongly to establish the guilt of the defendant, it is evident that the reference to the indictment resulted in no prejudice to her. A judgment will not be reversed merely because of error committed by the trial court but only when the error has been harmful to the accused. *State v. Smith*, 119 W. Va. 347, 193 S. E. 573; *State v. Rush*, 108 W. Va. 254, 150 S. E. 740.

Several assignments of error deal with the action of the trial court in refusing to permit questions propounded by the attorney for the defendant to various witnesses for the State and to the defendant and the witness who testified in her behalf. Many of these assignments are presented by bills of exceptions which do not set forth

or contain any answer to any of the questions asked. The court can not determine whether there was prejudical error in the absence of the answers. *State ex rel. Connellsville By-Product Coal Company* v. *Continental Coal Company,* 109 W. Va. 557, 155 S. E. 667; *State* v. *Bowles,* 117 W. Va. 217, 185 S. E. 205. "In reviewing a judgment in an action at law, upon a writ of error, where the evidence is not made a part of the record, the court will not consider assignments of error involving a consideration of the evidence, but will affirm the judgment." *Dudley* v. *Barrett,* 58 W. Va. 235, 52 S. E. 100. The other assignments relating to evidence offered by the defendant and excluded by the court, where shown by the record, have been carefully considered and the action of the trial court in that respect has been found to be free from error prejudicial to the defendant.

The assignments of error involving the rulings of the trial court in admitting, over objection and exception by the defendant, evidence offered by the State, have likewise been given careful consideration, and, in each instance, the ruling was correct and proper or free from harmful error.

The defendant complains of the absence from the trial of the girl who, according to the testimony of the investigator, went with him to the room in the hotel on the night of September 4, 1944. It is insisted that without her testimony to corroborate the testimony of the investigator, the principal witness for the prosecution, the evidence introduced by the State is not sufficient to support the verdict of the jury. There is no merit in this contention. No principle of law or rule of evidence requires corroboration of testimony of the character of that given by the investigator in this case. The weight and the credibility of his evidence, with or without corroboration by the girl or by any other witness, were for the consideration and the determination of the jury. The jury had the right to believe his testimony, in the absence of any evidence by the girl, instead of the evidence presented in behalf of the defendant, and its finding on that point will not be

disturbed by the court because of her failure to testify as a witness.

General objections were made by the defendant to the instructions given by the trial court at the instance of the State. Paragraph (e), Rule VI, of the Rules of Practice and Procedure, promulgated by this Court April 10, 1936, 116 W. Va. lxii, provides that specific grounds of objection only will be considered with respect to instructions. This provision applies to instructions given upon the trial of an indictment for a misdemeanor. *State* v. *Lucas,* 129 W. Va. 324, 40 S. E. 2d 817; *State* v. *McMillion,* 127 W. Va. 197, 32 S. E. 2d 625. No specific grounds of objection having been presented, the challenged instructions may not be considered by this Court.

The trial court refused to give a number of instructions offered by the defendant and its action in that respect is assigned as error.

One of these instructions would have directed the jury to return a verdict of not guilty. The case, as made by the State, was a case for consideration by the jury, and the action of the trial court in refusing to instruct the jury to return a verdict of not guilty was clearly right.

Another instruction, offered by the defendant and refused by the trial court, would have told the jury that, when the evidence as a whole is susceptible of two interpretations, one of which is consistent with the innocence of the defendant, the jury could not arbitrarily adopt the interpretation which would incriminate her. The instruction omitted to state or designate the second of the two reasonable interpretations suggested in the instruction. This omission renders the instruction vague and misleading and for this reason it was properly refused.

Another instruction which was refused would have told the jury not to consider the evidence introduced by the State as to the general reputation of the hotel. Competent evidence on that subject having been admitted, it would have been improper to instruct the jury not to consider such evidence.

All the other instructions offered by the defendant, which the trial court refused to give, were based upon the theory that the persons mentioned in the evidence obtained the hotel rooms from the defendant with the intent upon their part to use them, or that they did acutally use them, for the purpose of prostitution, lewdness or assignation, or upon the theory that the defendant knew or had good reason to know, that the hotel had recently been used or would be used for prostitution, lewdness or assignation, at the time the defendant provided such persons with the rooms in the hotel for that purpose. Neither of these theories is correct. The evidence is sufficient to show that the defendant provided the investigator and his female companion with the room in the hotel for the purpose of prostitution, lewdness or assignation, and that she offered and supplied him with the facilities then available to her to enable him to accomplish that purpose. Whether he actually did so use the room, or intended so to use it, is not material, and does not affect the conduct of the defendant in violation of the statute. The instructions were rightly refused.

By her final assignment of error the defendant challenges the evidence as insufficient to support the verdict of guilty returned by the jury. In view of the amount and the character of the evidence introduced by the State, as detailed earlier in this opinion, this contention of the defendant may be disposed of with little comment. It is sufficient to say that the evidence produced by the prosecution strongly indicates the guilt of the defendant and that it amply sustains the finding of the jury. This Court will not disturb the verdict on that ground.

A careful consideration of the entire record discloses no errors prejudicial to any right of the defendant, and, for the reasons stated, the judgment of the Circuit Court, and the judgment of the Criminal Court, of Harrison County are affirmed.

*Judgments affirmed.*